**QUALITY STORES, INC., Petitioner,**

v.

**STATE BOARD OF TAX COMMISSIONERS,**
**Respondent.**

No. 49T10–9806–TA–63.

Tax Court of Indiana.

Sept. 26, 2000.

Publication Ordered Oct. 25, 2000.

David L. Pippen, Indianapolis, Indiana, Attorney for Petitioner.

Karen M. Freeman–Wilson, Attorney General of Indiana, Joel Schiff, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Respondent.

FISHER, J.

The petitioner, Quality Stores, Inc. (Quality), appeals from a final determination of the State Board of Tax Commissioners (State Board), whereby the State Board applied a 40–year life expectancy table (Table) when calculating the physical depreciation allowed on Quality's building for the 1995 tax year. In this original tax appeal, Quality raises one issue: Whether the State Board acted properly when it applied the 40–year table, rather than the 30–year table when calculating physical depreciation on the subject property. For the reasons explained below, the Court affirms the State Board's final determination.

## FACTS AND PROCEDURAL HISTORY

During the tax year in question, Quality owned a building located in Noblesville, Indiana. Believing that its assessment was too high, Quality appealed to the Hamilton County Board of Review (BOR), which made some unrelated changes to physical depreciation in a determination issued on December 27, 1996. Following this determination, Quality appealed to the State Board. After a hearing, the State Board affirmed the BOR in a final determination issued on June 4, 1998. Quality then filed its original tax appeal on June 22, 1998. This Court held a trial on June 14, 1999, and heard oral arguments from both parties on December 15, 1999. Additional facts will be supplied where necessary.

## ANALYSIS AND OPINION

### Standard of Review

The Court gives great deference to the State Board's final determinations when the State Board acts within the scope of its authority. *Wetzel Enters., Inc. v. State Bd. of Tax Comm'rs*, 694 N.E.2d 1259, 1261 (Ind.Tax 1998). Accordingly, this Court reverses final determinations of the State Board only when those decisions are unsupported by substantial evidence, are arbitrary or capricious, constitute an abuse of discretion, or exceed statutory authority. *Id.* The taxpayer can demonstrate the invalidity of the State Board's final determination by presenting probative evidence sufficient to establish a prima facie case. *Clark v. State Bd. of Tax Comm'rs*, 694 N.E.2d 1230, 1233 (Ind.Tax 1998).

In order to establish a prima facie case, a taxpayer can introduce evidence sufficient to establish a given fact which if not contradicted will remain sufficient. *Loveless Const. Co. v. State Bd. of Tax Comm'rs*, 695 N.E.2d 1045, 1049 (Ind.Tax 1998). Once the taxpayer carries this burden, the burden then shifts to the State Board to rebut the taxpayer's evidence and justify its decision with substantial evidence. *Id.*

### Discussion

Quality argues that the 30–year table should have been applied to its building for depreciation purposes, since the subject property qualifies as a light pre-engineered structure. The State Board contends that the 40–year table it applied was correct, because Quality's building was constructed of materials that are not usually found in light pre-engineered buildings.

Physical depreciation is determined by the combination of age and condition. IND.ADMIN.CODE tit. 50, r. 2.1–5–1 (1992) (codified in present form at *id.*, r. 2.2–10–7 (1996)); *see also Phelps Dodge v. State Bd. of Tax Comm'rs*, 705 N.E.2d 1099, 1103 (Ind.Tax 1999), *review denied.* Based on the construction of a building, either a 20, 30, 40, 50 or 60–year table is used to depreciate a structure. IND.ADMIN.CODE tit. 50, r. 2.1–5–1. While light pre-engineered buildings are depreciated under the 30–year table, all other fire resistant buildings not listed elsewhere are depreciated under the 40–year table. *Id.*[1]

The State Board has issued an instructional bulletin, in which various aspects of light pre-engineered buildings are discussed. *Instructional Bulletin* 91–8 (1991). These buildings, which sometimes qualify as kit buildings, contain features such as "Cold Form Cee Channel wall supports", tapered roof beams and round steel columns. *King Indus. Corp. v. State Bd. of Tax Comm'rs*, 699 N.E.2d 338, 339 (Ind.Tax 1998). In addition, such buildings are generally lightweight and are made of inexpensive materials. *Id.*

In its final determination, the State Board noted that it did not change the depreciation on Quality's building. The State Board based its decision upon its inspection of the structure, Quality's evidence and the assessor's evidence. (Joint Ex. 1.) At trial, the State Board's hearing officer, Ms. Phyl Olinger, testified that Quality's building possessed I-beam columns. (Trial Tr. at 41–42.) According to Ms. Olinger, light construction-type buildings possess C-channel columns or hollow steel posts, while I-beams are typical of heavier load capacities. (Trial Tr. at 42.) Ms. Olinger stated that Quality's building did not possess any C-channel columns or hollow steel posts. (Trial Tr. at 42.) Ms. Olinger also remarked that Quality's taxpayer representative, Mr. M. Drew Miller, failed to point out anything, either at the

---

1. Neither party asserts that Quality's building is a fire-resistant building not listed elsewhere in the regulations.

State Board hearing below or at the inspection, concerning the construction of Quality's building. (Trial Tr. at 40.)

The only evidence presented by Quality to make its prima facie case consisted of a 1992 appraisal study (Study) that was presented at Ms. Olinger's request for additional information after the hearing. Among other things,[2] the Study contained photographs showing the exterior and interior of Quality's building. Finally, Quality submitted the trial testimony from Mr. Miller. (Pet'r.Ex. 1 .) (Trial Tr. at 15–16, 21–22, 27.)

■■■ The Study was a fee appraisal explaining the market value of Quality's building as of 1992 that was to be utilized as a guide relative to the amount of security that might be available for mortgage investment. (Pet'r. Ex. 1 at 19.) The Court notes that generally accepted appraisal techniques may be used to help determine physical depreciation in the absence of guidance from the regulations, but when the regulations are clear, as they are in this case, then those regulations govern. *King Indus. Corp. v. State Bd. of Tax Comm'rs,* 699 N.E.2d 338, 343 n. 4 (noting that in any mass appraisal system, certain properties are over-assessed and some are under-assessed. In most states, these inevitable flaws in the mass appraisal techniques are corrected through the presentation of evidence of actual value during the appeal process.)

While the Study does indicate a 30–year useful life for Quality's building, it does not reference the regulations in doing so. (Pet'r. Ex. 1 at 33.) Further, the Study describes the building as being constructed upon a reinforced concrete foundation with reinforced slab flooring. (Pet'r. Ex. 1 at 25.) In addition, the Study refers to Quality's building being supported by a pre-engineered steel frame. (Pet'r. Ex. 1 at 25.) Such descriptions do not support Quality's contention that its building is a light pre-engineered one.

■■■ Also, the Court notes that the Study deals with 1992 figures that are not relevant to the 1995 tax year. In this Court, each tax year stands alone. *Barth, Inc. v. State Bd. of Tax Comm'rs,* 699 N.E.2d 800, 808 n. 14 (Ind.Tax 1998); *see also Kent Co. v. State Bd. of Tax Comm'rs,* 685 N.E.2d 1156, 1159 (Ind.Tax 1997). As far as the pictures in the study are concerned, this Court has stated before that photographs, standing alone, do not constitute the evidence needed to present a prima facie case. *Heart City Chrysler v. State Bd. of Tax Comm'rs,* 714 N.E.2d 329, 333 (Ind.Tax 1999) ("This Court has rejected attempts by taxpayers to put forth evidence such as photographs without explanations.") Thus, neither the Study nor the submitted photos constitute probative evidence in this instance.

■■■ Quality finally introduced the testimony of Mr. Miller in an effort to establish its case.[3] Mr. Miller testified that, "[W]e were asking that the thirty-year life be applied to the subject property. It is a light pre-engineered structure." (Trial Tr. at 15.) To support this statement, Mr. Miller submitted the final determination of the State Board for the 1992 tax year, showing that a thirty-year table was used. (Trial Tr. at 21.) As noted above, however, each tax year stands alone. *See supra* at 6. Thus, this evidence does not help Quality's case.

---

2. In addition to the photographs, the study contained a detailed history of the area surrounding Quality's building, as well as an analysis of Quality's building under the cost, sales comparison and income capitalization methods of valuing real estate. (Pet'r.Ex.1).

3. The Court notes that Mr. Miller's testimony could be interpreted as that of an expert witness. The United States Supreme Court has recently stated that expert testimony is admissible only if it is both relevant and reliable. *Kumho Tire Co., Ltd. v. Carmichael,* 526 U.S. 137, 141, 119 S.Ct. 1167, 1171, 143 L.Ed.2d 238 (1999), *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 597, 113 S.Ct. 2786, 2799, 125 L.Ed.2d 469 (1993). The Court will not speculate as to whether Mr. Miller is an expert witness or not in this case.

In addition, Mr. Miller stated that, "[T]here were other Quality ... [s]tores that were depreciated off a thirty-year life." (Trial Tr. at 16.) However, in support of this statement, Quality only introduced the property record cards from two of its other stores. (Pet'r. Exs. 5 & 6.) At trial, Mr. Miller admitted that the cards themselves do not show how much physical depreciation was applied to the buildings. (Trial Tr. at 21.) Therefore, this evidence does not help Quality's case either, since these conclusory statements are nothing more than bare allegations that cannot constitute probative evidence. *Heart City Chrysler*, 714 N.E.2d at 333 ("This Court will not substitute conclusory statements for probative evidence"); *see also Herb v. State Bd. of Tax Comm'rs*, 656 N.E.2d 890, 893 (Ind.Tax 1995) ("Allegations, unsupported by factual evidence, remain mere allegations."). Therefore, Miller's testimony also fails to constitute the probative evidence needed to establish a prima facie case. The Court therefore finds that Quality has failed to establish a prima facie case concerning its assessment. Thus, the State Board was not required to rebut any of Quality's evidence. As a result, the State Board's final determination will stand.

## CONCLUSION

For the reasons stated above, the Court AFFIRMS the final determination of the State Board in this case.

## *ORDER FOR PUBLICATION*

Respondent, State Board of Tax Commissioners, by counsel, files its Motion for Publication of Memorandum Opinion.

The Court, having considered same and being duly advised in the premises, now finds said motion should be GRANTED and that this court's opinion in this appeal should now be ordered published.

IT IS THEREFORE ORDERED as follows:

1. Respondent's "Motion for Publication of Memorandum Decision" is granted and this Court's opinion heretofore handed down in this cause on September 26, 2000 marked "Not For Publication" is now ordered published.