FLEET SUPPLY, INC., Petitioner,

v.

STATE BOARD OF TAX
COMMISSIONERS,
Respondent.

No. 49T10–9808–TA–97.

Tax Court of Indiana.

Sept. 26, 2000.

Publication Ordered Oct. 25, 2000.

David L. Pippen, Indianapolis, Indiana,
Attorney for Petitioner.

Karen M. Freeman–Wilson, Attorney General of Indiana, Joel Schiff, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Respondent.

FISHER, J.

 The petitioner, Fleet Supply, Inc. (Fleet), appeals from a final determination of the State Board of Tax Commissioners (State Board), whereby the State Board applied a 40–year life expectancy table (Table) when calculating the physical depreciation allowed on Fleet's building for the 1995 tax year. In this original tax appeal, Fleet raises one issue: Whether the State Board acted properly when it applied the 40–year table, rather than the 30–year table when calculating physical depreciation on the subject property.[1] For the reasons explained below, the Court affirms the State Board's final determination.

## FACTS AND PROCEDURAL HISTORY

During the tax year in question, Fleet owned a building located in Kokomo, Indiana.[2] Believing that its assessment was too high, Fleet appealed to the Howard County Board of Review (BOR), which applied the 40–year life table to calculate the physical depreciation of Fleet's building in a determination issued on September 3, 1996. Following this determination, Fleet appealed to the State Board. After

a hearing, the State Board affirmed the BOR in a final determination issued on June 29, 1998. Fleet then filed its original tax appeal on August 11, 1998. This Court held a trial in this matter on April 19, 1999, and heard oral arguments from both parties on November 8, 1999. Additional facts will be supplied where necessary.

## ANALYSIS AND OPINION

### Standard of Review

 The Court gives great deference to the State Board's final determinations when the State Board acts within the scope of its authority. *Wetzel Enters., Inc. v. State Bd. of Tax Comm'rs*, 694 N.E.2d 1259, 1261 (Ind. Tax Ct.1998). Accordingly, this Court reverses final determinations of the State Board only when those decisions are unsupported by substantial evidence, are arbitrary or capricious, constitute an abuse of discretion, or exceed statutory authority. *Id.* The taxpayer can demonstrate the invalidity of the State Board's final determination by presenting probative evidence sufficient to establish a prima facie case. *Clark v. State Bd. of Tax Comm'rs*, 694 N.E.2d 1230, 1233 (Ind. Tax Ct.1998).

 In order to establish a prima facie case, a taxpayer must introduce evidence sufficient to establish a given fact which if not contradicted will remain sufficient.

---

1. Both at the State Board's hearing and at trial, Fleet attempted to raise an additional issue concerning obsolescence that was not originally stated on its Form 131 petition. The Court notes that where a taxpayer petitions the State Board for a review of an assessment, the State Board may limit its inquiry to only those errors raised by the taxpayer. *Whitley Prods. v. State Bd. of Tax Comm'rs*, 704 N.E.2d 1113, 1119 (Ind. Tax Ct.1998), *review denied*. This means that all other constituent parts of the assessment, if the State Board declines to review them, will not be changed, and, as far as the law is concerned, will be deemed to be correct. *Id.* The Court's scope of review precludes the Court from considering issues and evidence not presented to the State Board. *Id.; see*

*also* IND.CODE ANN. § 33–3–5–14 (West 1996 and Supp.2000) (When dealing with issues not raised at the administrative level, the Court is bound by the law that existed before the creation of the Court.); *State Bd. of Tax Comm'rs v. Gatling Gun Club Inc.*, 420 N.E.2d 1324, 1328 (Ind.Ct.App.1981) ("[O]nly those exhibits introduced at the board's hearing may be introduced on judicial review.")

Therefore, the Court finds that the State Board did not act arbitrarily and capriciously when it failed to consider Fleet's obsolescence argument. Thus, the Court will limit its discussion to Fleet's depreciation argument.

2. Fleet subsequently sold the building in 1997. (Pet'r. Ex. 1.)

*Loveless Const. Co. v. State Bd. of Tax Comm'rs,* 695 N.E.2d 1045, 1049 (Ind. Tax Ct.1998). Once the taxpayer carries this burden, the burden then shifts to the State Board to rebut the taxpayer's evidence and justify its decision with substantial evidence. *See id.* (explaining that the "State Board must offer an authoritative explanation of its decision to discount the taxpayer's prima facie showing.")

### Discussion

■ Fleet argues that the 30–year table should have been applied to its building for depreciation purposes, because it qualifies as a light pre-engineered structure. The State Board contends that the 40–year table it applied was correct, because Fleet's building was a fire resistant building not listed elsewhere in the regulations.

Physical depreciation is determined by the combination of age and condition. *See* IND.ADMIN.CODE tit. 50, r. 2.1–5–1 (1992) (codified in present form at *id.,* r. 2.2–10–7 (1996)); *see also Phelps Dodge v. State Bd. of Tax Comm'rs,* 705 N.E.2d 1099, 1103 (Ind. Tax Ct.1999), *review denied.* Based on the construction of a building, either a 20, 30, 40, 50 or 60 year table is used to depreciate a structure. IND.ADMIN.CODE tit. 50, r. 2.1–5–1. While light pre-engineered buildings are depreciated under the 30–year table, all fire-resistant buildings not listed elsewhere in the regulations are depreciated under the 40–year table. *Id.*

The State Board has issued an instructional bulletin, in which various aspects of light pre-engineered buildings are discussed. *Instructional Bulletin 91–8* (1991). These buildings, which sometimes qualify as kit buildings, contain features such as Cold Form Cee Channel wall supports, tapered roof beams and round steel columns. *King Indus. Corp. v. State Bd. of Tax Comm'rs,* 699 N.E.2d 338, 339 (Ind. Tax Ct.1998). In addition, such buildings

are generally lightweight and are made of inexpensive materials. *See id.*

In its final determination, the State Board noted that it did not change the depreciation on Fleet's building, based upon its fire-resistant framing. (Joint Ex. 1.) At trial, the State Board's hearing officer, Mr. Edward Bisch, testified that Fleet's building possessed a six-inch thick concrete floor with a terrazzo-type finish on it. (Trial Tr. at 26–27.) Mr. Bisch also noted that Fleet's building possessed steel I-beam columns. (Trial Tr. at 27.) According to Mr. Bisch, light construction-type buildings can possess I-beams, but one usually finds other features in the building, such as hollow steel posts, to go along with them. (Trial Tr. at 28.) Mr. Bisch also stated that a weaker type of steel is common in such buildings. (Trial Tr. at 28.) Such features were not found in Fleet's building. (Trial Tr. at 28.) Mr. Bisch concluded that Fleet's building was something better than light construction. (Trial Tr. at 28.)

The only evidence presented by Fleet to establish its prima facie case consisted of two photographs showing the exterior of Fleet's building, a closing statement that seemingly shows Fleet's subsequent sale of the building in 1997, and scant trial testimony from Fleet's taxpayer representative, Mr. M. Drew Miller. (Joint Exs. 2 & 3, Pet'r. Ex. 1) (Trial Tr. at 8–9, 12–15.) This Court has stated before that photographs, standing alone, do not constitute the evidence needed to rebut the State Board's final determination. *See Heart City Chrysler v. State Bd. of Tax Comm'rs,* 714 N.E.2d 329, 333 (Ind. Tax Ct.1999) ("This Court has rejected attempts by taxpayers to put forth evidence such as photographs without explanations.") Thus, the submitted photographs do not constitute probative evidence in this case.

■ Similarly, Fleet's closing statement[3] does not assist its case because

---

3. At trial, Mr. Miller testified that the closing statement was introduced to show that the building's selling price was less than its true tax value, thus demonstrating a loss in value.

Indiana does not use market value when assessing property. *See Kemp v. State Bd. of Tax Comm'rs.*, 726 N.E.2d 395, 403 (Ind. Tax Ct.2000) ("Indiana does not value property based on its market value; rather the assessed value of property is based on its reproduction cost as determined by the State Board's regulations."). Rather, Indiana uses the true tax value method of appraisal. *Dawkins v. State Bd. of Tax Comm'rs*, 659 N.E.2d 706, 708 (Ind. Tax Ct.1995). Under this method, the true tax value of an improvement is calculated by determining the reproduction cost (as determined by the State Board's regulations) of the building, minus any physical depreciation or obsolescence depreciation to which it is entitled. IND.ADMIN.CODE tit. 50, r. 2.1–5–1.

Fleet's evidence is also faulty since it deals with a tax year not in question here. In this Court, each tax year stands alone. *Barth, Inc. v. State Bd. of Tax Comm'rs*, 699 N.E.2d 800, 808 n. 14 (Ind. Tax Ct.1998), *reh'g. denied; see also Kent Co. v. State Bd. of Tax Comm'rs*, 685 N.E.2d 1156, 1159 (Ind. Tax Ct.1997). The closing statement shows that Fleet subsequently sold the subject property in 1997. However, since Fleet is appealing the State Board's final determination for the 1995 tax year, this evidence has no relevance to the case at hand. Therefore, the closing statement does not aid Fleet's case.

Fleet finally introduced the testimony of Mr. Miller in an effort to establish its case. Mr. Miller stated that, "We felt that it [the assessment] was excessive and there were some errors in the assessment." (Trial Tr. at 8.) Mr. Miller also testified that, "[W]e believe that the building should have been physically depreciated from a 30–year life table under the presumption that it fits the light pre-engineered building description." (Trial Tr. at 8.) Mr. Miller also believed that Fleet's building was listed elsewhere as a light pre-engineered building, but did

(Trial Tr. at 13.) However, as discussed above, this exhibit tells the Court nothing

not elaborate on this statement. (Trial Tr. at 9.)

Without additional support, these conclusory statements are nothing more than bare allegations that do not support Fleet's case. *See Heart City*, 714 N.E.2d at 333 ("[T]his Court will not substitute conclusory statements for probative evidence."); *see also Herb v. State Bd. of Tax Comm'rs*, 656 N.E.2d 890, 893 (Ind. Tax Ct.1995) ("Allegations, unsupported by factual evidence, remain mere allegations."). Therefore, Miller's testimony also fails to constitute the probative evidence needed to establish a prima facie case. The Court thus finds that Fleet has failed to establish a prima facie case concerning the invalidity of its assessment. Therefore, the State Board was not required to rebut any of Fleet's evidence. As a result, the State Board's final determination will stand.

### CONCLUSION

For the reasons stated above, the Court AFFIRMS the final determination of the State Board in this case.

### ORDER OF PUBLICATION

Respondent, State Board of Tax Commissioners, by counsel, files its Motion for Publication of Memorandum Opinion.

The Court, having considered same and being duly advised in the premises, now finds said motion should be GRANTED and that this Court's opinion in this appeal should now be ordered published.

IT IS THEREFORE ORDERED as follows:

1. Respondent's "Motion for Publication of Memorandum Decision" is granted and this Court's opinion heretofore handed down in this cause on September 26, 2000 marked "Not For Publication" is now ordered published.

about why the 40–year table was wrongfully applied by the State Board.