**DAVIDSON INDUSTRIES, Petitioner,**

v.

**INDIANA STATE BOARD OF TAX COMMISSIONERS, Respondent.**

**No. 49T10–9804–TA–29.**

Tax Court of Indiana.

Feb. 1, 2001.

Publication Ordered March 15, 2001.

David L. Pippen, Indianapolis, Attorneys for Petitioner.

Steve Carter, Attorney General of Indiana, Joel Schiff, Deputy Attorney General, Indianapolis, Attorneys for Respondent.

FISHER, J.

Davidson Industries (Davidson) appeals the State Board of Tax Commissioners' (State Board) final determination that assessed its property as of the March 1, 1995 assessment date. Davidson presents the following issues for this Court's review on appeal: .

1) whether the State Board's final determination of Davidson's case should be reversed because the State Board's Regulations are unconstitutional; and

2) whether Davidson presented a prima facie case that its property suffers from obsolescence.[1]

## FACTS AND PROCEDURAL HISTORY

Davidson owns property located in Johnson County, Indiana.[2] On February 5, 1996, Davidson filed a form 131 petition for review of assessment (131 Petition) with the State Board seeking review of the March 1, 1995, assessment of its improvements claiming among other things that its "building should have 25% functional and economic obsolescence applied to it." (Joint Ex. 1 at 3.) Thereafter, the State Board held a hearing on the petition. On February 18, 1998, the State Board issued its final determination concluding that the base prices previously calculated were correct,[3] the property was

---

1. Davidson also argues that the State Board's findings of fact were insufficient in its case. It is true that the State Board's decision will be reversed if it fails to make any findings as to evidence rebutting the taxpayer's prima facie case. *Canal Square Ltd. Partnership v. State Bd. of Tax Comm'rs,* 694 N.E.2d 801, 805 (Ind. Tax Ct.1998). However, in order to invoke this requirement, the taxpayer must first present a prima facie case. *Id.* As discussed *infra,* Davidson has not presented a prima facie case with regard to obsolescence

in order to trigger the State Board's duty to support its decision with substantial evidence. *See infra* part II. Therefore, this contention by Davidson is without merit.

2. This property is parcel number 5100–03–01–035/00.

3. Davidson does not appear to raise the base price issue on appeal. Therefore, this Court will not address it.

not entitled to obsolescence depreciation, and the assessment did not violate the Indiana Constitution. In addition, the State Board concluded that the depreciation table used by the county board was incorrect and changed it to a 20–year table. On March 31, 1998, Davidson filed its original tax appeal in this Court. The parties stipulated to the evidence and thereafter an oral argument was held on June 17, 1999. Additional facts will be provided as necessary.

## ANALYSIS AND OPINION

### Standard of Review

■ This Court gives final determinations of the State Board great deference when the State Board acts within the scope of its authority. *Freudenberg–NOK General Partnership v. State Bd. of Tax Comm'rs*, 715 N.E.2d 1026, 1028–29 (Ind. Tax Ct.1999). Accordingly, this Court reverses final determinations of the State Board only when they are unsupported by substantial evidence, are arbitrary or capricious, constitute an abuse of discretion, or exceed statutory authority. *Id.* at 1029.

■ In addition, a taxpayer challenging the validity of the State Board's final determination bears the burden of demonstrating the invalidity of the final determination. *Clark v. State Bd. of Tax Comm'rs*, 694 N.E.2d 1230, 1233 (Ind. Tax Ct.1998). The taxpayer must present a prima facie case, that is a case in which the evidence is "sufficient to establish a given fact and which if not contradicted will remain sufficient." *GTE North Inc. v. State Bd. of Tax Comm'rs*, 634 N.E.2d 882, 887 (Ind. Tax Ct.1994) (citations and internal quotation marks omitted). To establish a prima facie case, the taxpayer must offer probative evidence concerning the alleged error. *King Indus. v. State Bd. of Tax Comm'rs*, 699 N.E.2d 338, 343 (Ind. Tax Ct.1998); *Whitley Prods., Inc. v. State Bd. of Tax Comm'rs*, 704 N.E.2d 1113, 1119 (Ind. Tax Ct.1998), *review denied.* "Once the taxpayer carries the burden of establishing a prima facie case, the burden shifts to the State Board to rebut the taxpayer's evidence and justify its decision with substantial evidence." *Clark*, 694 N.E.2d at 1233. To carry its burden, the State Board must do more than merely assert that it assessed the property correctly. *Loveless Const. Co. v. State Bd. of Tax Comm'rs*, 695 N.E.2d 1045, 1049 (Ind. Tax Ct.1998), *review denied.* Instead, the State Board must offer an authoritative explanation of its decision to rebut the taxpayer's prima facie showing. *Id.*

### Discussion

#### I.

■ The first issue is whether the State Board's final determination of Davidson's case should be reversed because the State Board's Regulations are unconstitutional. Davidson seems to argue that because the current regulations are unconstitutional they should not be applied to its assessment. This Court has recognized that the fact that the subject improvement was assessed under an unconstitutional regulation does not mean that the assessment will be invalidated on that basis. *Whitley Prods.*, 704 N.E.2d at 1121; *See also White Swan Realty v. State Bd. of Tax Comm'rs*, 712 N.E.2d 555, 559 (Ind. Tax Ct.1999), *review denied; Phelps Dodge v. State Bd. of Tax Comm'rs*, 705 N.E.2d 1099, 1104 (Ind. Tax Ct.1999), *review denied.* "Real property must still be assessed, and, until the new regulations are in place, must be assessed under the present system." *Whitley Prods.*, 704 N.E.2d at 1121; *See also Town of St. John v. State Bd. of Tax Comm'rs*, 729 N.E.2d 242, 250–251 (Ind. Tax Ct.2000). This means that a taxpayer cannot come into court, point out the inadequacies of the present system and obtain a reversal of an assessment. *Whitley Prods.*, 704 N.E.2d at 1121. Instead, the taxpayer must come forward with probative evidence relating to the issue the taxpayer raises. *Id.* Therefore, Davidson's argument that the final determination should be reversed simply because the regulations are unconstitutional cannot prevail.

## II.

█ The second issue is whether Davidson presented a prima facie case that its property suffers from obsolescence. "The True Tax Value of a commercial improvement is determined by calculating the reproduction cost of the improvement (as determined by an application of the State Board regulations) and subtracting any physical and obsolescence depreciation." *Loveless Const.*, 695 N.E.2d at 1047. The regulations define obsolescence as a functional and economic loss of value. IND. ADMIN. CODE tit. 50, r. 2.1–5–1 (1992) (codified in present form at *id.*, r. 2.2–10–7(e) (1996)). Functional obsolescence is caused by factors internal to the property and is "evidenced by conditions within the property." *Id.* Economic obsolescence is caused by factors that are external to the property. *Id.* In the commercial context, a loss of value usually represents a decrease in the improvement's income generating ability. *Loveless Const.*, 695 N.E.2d at 1047. *See also Damon Corp. v. State Bd. of Tax Comm'rs*, 738 N.E.2d 1102, 1108 (Ind. Tax Ct.2000).

█ In *Clark v. State Board of Tax Commissioners*, this Court concluded that as a prerequisite for this Court to review a taxpayer's case, during its hearing before the State Board the taxpayer must follow a two-step process whereby a taxpayer must first identify causes of obsolescence and then quantify the amount of obsolescence to be applied. *Clark*, 694 N.E.2d at 1241. However, as this case arose before *Clark*, Davidson was not required to quantify its evidence, but simply to identify it. *See id.* Davidson is required to present probative evidence sufficient to establish a prima facie case regarding its asserted *causes* of economic obsolescence. *White Swan Realty*, 712 N.E.2d at 560 (stating "when challenging the State Board's determination denying an obsolescence adjustment, the taxpayer has to offer evidence tending to prove causes of obsolescence").

Davidson asserts that it "presented substantial evidence and testimony establishing the fact that the subject properties suffer causes of obsolescence." (Pet'r Br. at 7.) More specifically, Davidson argues that the property at issue has no room for growth, does not have sufficient storage, "consists of multiple and heavily columned buildings when a single building design would be more efficient," lacks an emphasis on economy and safety that is present in current "codes" because most of the buildings were constructed in 1961, and that economic and social conditions indicated a need for more depreciation than was applied. (Pet'r Br. at 7.) Davidson also submitted photographs of its facility and provided what it asserts were comparable properties in the Assessment Review and Analysis that it prepared. (Joint Ex. 2.) Davidson asserts that its major structure and exterior yard improvements constructed in 1961 should receive 50% obsolescence and its exterior yard items constructed in 1981 should receive 25% obsolescence. (Joint Ex. 2 at 2.) Davidson contends that the State Board did not meaningfully address its evidence.

Davidson misunderstands its burden here. Davidson has the burden of establishing a prima facie case of obsolescence before the burden shifts to the State Board to deal with Davidson's evidence in a meaningful manner. *See Canal Square Ltd. Partnership v. State Bd. of Tax Comm'rs*, 694 N.E.2d 801, 805 (Ind. Tax Ct.1998). Conclusory statements do not constitute probative evidence. *Sterling Management–Orchard Ridge Apartments v. State Bd. of Tax Comm'rs*, 730 N.E.2d 828, 839 (Ind. Tax Ct.2000). "[T]his Court has also rejected attempts by taxpayers to put forth evidence such as photographs without explanations." *Heart City Chrysler v. State Bd. of Tax Comm'rs*, 714 N.E.2d 329, 333 (Ind. Tax Ct.1999). A "hearing officer does not have an affirmative duty to make a case on behalf of a party. A party who stands to be adversely affected by a petition for review has an obvious responsibility to appear before the State Board and present evidence and argument in support of its position." *North Park Cinemas, Inc. v. State Bd. of Tax*

*Comm'rs,* 689 N.E.2d 765, 769 (Ind. Tax Ct.1997). Moreover, this Court will not make a taxpayer's case for it. *See CGC Enters. v. State Bd. of Tax Comm'rs,* 714 N.E.2d 801, 803 (Ind. Tax Ct.1999).

Here, in Davidson's brief and Assessment Review and Analysis it presented only conclusory statements that its property suffered from obsolescence. *See Sterling Management–Orchard Ridge Apartments,* 730 N.E.2d at 839. Davidson did not explain how its assertions showed a loss in value that would be indicative of obsolescence. *See* IND. ADMIN. CODE tit. 50, r. 2.1–5–1. Moreover, at trial, Davidson's presentation of photographs of its property and allegedly comparable properties lacked any explanation. *See Heart City Chrysler,* 714 N.E.2d at 333. Davidson did not even designate what kind of obsolescence was allegedly demonstrated by its evidence. Davidson's presentation of evidence without showing how that evidence demonstrates that its property has suffered from obsolescence is not probative evidence. It is not this Court's place to sift through Davidson's evidence and make its arguments for it. *See CGC Enterprises,* 714 N.E.2d at 803. Because Davidson has failed to present probative evidence to the State Board regarding obsolescence, the Court AFFIRMS the final determination of the State Board.

## CONCLUSION

For the foregoing reasons, the Court hereby AFFIRMS the State Board's final determination that Davidson is not entitled to obsolescence.

## *ORDER*

Respondent, State Board of Tax Commissioners, by counsel, files its "Motion for Publication of Memorandum Decision."

Petitioner filed no objection.

The Court, having considered same and being duly advised in the premises, now finds said motion should be GRANTED and that this Court's opinion in this appeal should now be ordered published.

IT IS THEREFORE ORDERED as follows:

1. Respondent's "Motion for Publication of Memorandum Decision" is granted and this Court's opinion heretofore handed down in this cause on February 1, 2001, marked "Not For Publication" is now ordered published.