LDI MANUFACTURING CO., INC., Petitioner,

v.

STATE BOARD OF TAX COMMISSIONERS, Respondent.

No. 49T10–9905–TA–129.

Tax Court of Indiana.

Dec. 18, 2001.

Joseph D. Geeslin, Jr., Geeslin & Associates, Lebanon, IN, Attorney for Petitioner.

Steve Carter, Attorney General of Indiana, Ted J. Holaday, Deputy Attorney General, Indianapolis, IN, Attorneys for Respondent.

FISHER, J.

LDI Manufacturing Co., Inc. (LDI), appeals the final determination of the State Board of Tax Commissioners (State Board) establishing the assessed value of LDI's improvement as of March 1, 1996. The relevant issue for review is whether the State Board abused its discretion and acted arbitrarily and capriciously in failing to apply the General Commercial Kit (GCK) pricing schedule to LDI's improvement.[1]

For the reasons stated below, the Court REVERSES this case and REMANDS it to the State Board.

## FACTS AND PROCEDURAL HISTORY

LDI, which manufactures restaurant exhaust ventilating equipment, owns land

---

1. In its original tax appeal, LDI also raised an issue of whether the State Board correctly used the forty-year life table to determine the physical depreciation of the improvement. At trial, the parties stipulated that the resolution of the life table issue would be contingent on the outcome of the General Commercial Kit (GCK) issue. (Trial Tr. at 7.) The parties agreed that if the Court finds that the improvement should have been assessed under the GCK schedule, then the State Board should apply the thirty-year life table, and if the GCK schedule is not applicable, the forty-year life table will stand. (Trial Tr. at 7.) Thus, this Court will not address this issue.

and improvements in Logansport, Indiana. The improvement on LDI's land consists of two preengineered buildings that are connected. Both buildings were manufactured by Butler Manufacturing Company.

The township assessed LDI's improvement at $308,870 under the General Commercial Industrial (GCI) Light Manufacturing model. LDI filed a Form 130 Petition for Review of Assessment with the Cass County Property Tax Assessment Board of Appeals (PTABOA) arguing that its improvement should be assessed using the GCK schedule, and the PTABOA affirmed the assessment.

LDI then filed a Form 131 Petition for Review of Assessment with the State Board. The State Board held a hearing, and afterwards, the hearing officer inspected LDI's improvement. In its final determination, the State Board stated that the building did not qualify for the GCK schedule because it was a "special purpose design building." (Joint Ex. 2 at 19.) Thus, the State Board made no change in the assessment of the improvement for the requested application of the GCK schedule.[2]

On May 26, 1999, LDI filed an original tax appeal. This Court conducted a trial, heard oral arguments, and took the matter under advisement. Additional facts will be supplied as needed.

## ANALYSIS AND OPINION

### Standard of Review

■ The Court gives great deference to the State Board's final determinations when the State Board acts within the scope of its authority. *Wetzel Enters., Inc. v. State Bd. of Tax Comm'rs*, 694 N.E.2d 1259, 1261 (Ind. Tax Ct.1998). Ac-

cordingly, this Court reverses final determinations of the State Board only when those decisions are unsupported by substantial evidence, are arbitrary or capricious, constitute an abuse of discretion, or exceed statutory authority. *Id.*

■ The taxpayer bears the burden of demonstrating the invalidity of the State Board's final determination. *Clark v. State Bd. of Tax Comm'rs*, 694 N.E.2d 1230, 1233 (Ind. Tax Ct.1998). The taxpayer must present a prima facie case, which is a case in which the evidence is "sufficient to establish a given fact and which if not contradicted will remain sufficient." *Damon Corp. v. State Bd. of Tax Comm'rs*, 738 N.E.2d 1102, 1106 (Ind. Tax Ct.2000) (citations and internal quotation marks omitted). To establish a prima facie case, the taxpayer must offer probative evidence concerning the alleged error. *King Indus. v. State Bd. of Tax Comm'rs*, 699 N.E.2d 338, 343 (Ind. Tax Ct.1998).

■ Once the taxpayer carries the burden of establishing a prima facie case, the burden shifts to the State Board to rebut the taxpayer's evidence and justify its decision with substantial evidence. *Loveless Const. Co. v. State Bd. of Tax Comm'rs*, 695 N.E.2d 1045, 1049 (Ind. Tax Ct.1998), *review denied.* To carry its burden, the State Board must do more than merely assert that it assessed the property correctly. *Id.* "Instead, the State Board must offer an authoritative explanation of its decision to discount the taxpayer's prima facie showing." *Id.*

### Discussion

■ LDI argues that the State Board abused its discretion when it refused to

---

2. The State Board did, however, increase the assessment of the improvement to $323,530 due to a "math error." (Joint Ex. 2 at 20.)

apply the GCK pricing schedule to its improvement. The State Board argues that the GCK schedule does not apply because LDI's improvement is a "special purpose design building" due to the thickness of its columns.

The GCK pricing schedule is used for "valuing preengineered and predesigned pole buildings which are used for commercial and industrial purposes." IND. ADMIN. CODE tit. 50, r. 2.2–10–6.1(a)(1)(D) (1996).[3] The GCK schedule "value[s] the base building on a perimeter area ratio basis and adjust[s] the value based on the various individual components of the building." *Id.* However, "[b]uildings classified as a special purpose design are not valued using the GCK pricing schedule." *Id.*

To prove that it should have been assessed under the GCK model, LDI presented evidence that the two connected areas of its improvement were preengineered buildings manufactured by Butler Manufacturing Company.[4] (Joint Ex. 3; Trial Tr. at 29.) LDI also presented testimony and photographs that the improvement had: (1) steel post and beam construction; (2) steel purlins; (3) a low-pitched roof; and (4) exterior walls made of pre-manufactured sandwich paneling. (Joint Ex. 3, 5 at 9–10; Trial Tr. at 30–32.) All of these components are listed and priced under the GCK schedule. *See* IND. ADMIN. CODE tit. 50, r. 2.2–11–6 (Sched. A.4.) (1996). LDI also presented a proposed property record card to demonstrate how its base rate would be calculated under the GCK schedule. After showing

that its improvement had a perimeter area ratio of two, LDI calculated its base rate under the GCK schedule by applying the schedule's pricing to the components of the improvement (e.g., steel purlins, insulation, sandwich paneling, steel post and beams, low pitch roof). (Joint Ex. 5 at 7.)[5]

By comparing the features of LDI's improvement with those listed in the regulation, LDI has made a prima facie case that its improvement should have been assessed under the GCK pricing schedule. *See Componx, Inc. v. Indiana State Bd. of Tax Comm'rs,* 683 N.E.2d 1372, 1374 (Ind. Tax Ct.1997). Because LDI has presented a prima facie case, the burden shifts to the State Board to rebut LDI's evidence and support its decision with substantial evidence. *See Damon,* 738 N.E.2d at 1112. The State Board, however, has failed to do so.

The State Board admits that LDI presented evidence that supported the application of the GCK schedule. (Resp't Br. at 2; Oral Argument Tr. at 15.) The State Board, however, has failed to deal with that evidence in a meaningful manner. *See Barker v. State Bd. of Tax Comm'rs,* 712 N.E.2d 563, 568–69 (Ind. Tax Ct.1999). Instead, the State Board argues that LDI failed to make a prima facie case because it did not *also* prove that the State Board's use of the GCI schedule was wrong. (Resp't Br. at 8; Oral Argument Tr. at 14–15.) The State Board misunderstands the taxpayer's burden.

3. The GCK base rates are located in Schedule A.4 of the Indiana Administrative Code, title 50, regulation 2.2–11–6.

4. One building, used for manufacturing and as a warehouse, is 160 × 280 feet and has 40 × 40 foot bays and a 15–foot eave. The other building, used as an office, is 60 × 100 feet and has a 12–foot eave.

5. In its proposed property record card, LDI also included components that the township and county assessors omitted from the assessment, such as a wood mezzanine, concrete paving, dock floor, and a plumbing fixture. (Trial Tr. at 33–34; Joint Ex. 5 at 2, 7.)

■ In a case where the State Board denies a kit adjustment, the taxpayer is only required to offer probative evidence tending to demonstrate that the improvement is entitled to assessment under the GCK schedule. *See Barker*, 712 N.E.2d at 567–68. After a taxpayer has made such a showing, the State Board must come forward with probative evidence to rebut the taxpayer's showing. *Id.* at 568. The State Board is required to deal with the taxpayer's evidence in a meaningful manner, and "where the State Board fails to take relevant evidence into consideration, reversal is mandated." *Id.*

Here, LDI presented probative evidence showing that its improvement was entitled to assessment under the GCK schedule. Therefore, it was incumbent upon the State Board—not LDI—to rebut LDI's evidence and to come forward with probative evidence that would substantiate the use of the GCI schedule. *See Barker*, 712 N.E.2d at 568. The State Board, however, failed to meet its burden.

In its final determination, the State Board found that LDI's improvement did not qualify for assessment under the GCK schedule because it was a "special purpose design building." (Joint Ex. 2 at 19.) In determining that the improvement was a special purpose design building, the State Board relied on LDI's representative's statement that the building could be increased in size. (Joint Ex. 2 at 19.) However, there is nothing about an improvement's ability to be doubled in size that would disqualify it for the GCK schedule. Furthermore, as the parties agree, the regulations contain no specific definition of what constitutes a "special purpose design" in the GCK context.[6] (Trial Tr. at 12; Oral Argument Tr. at 20, 21.)

■ Because the regulations do not specifically define "special purpose design," this Court must apply rules of statutory construction. The rules of statutory construction apply to administrative rules and regulations in the same manner as they do to statutes. *Componx, Inc. v. State Board of Tax Comm'rs*, 741 N.E.2d 442, 446 (Ind. Tax Ct.2000). Words and phrases in a statute are given their plain and ordinary meaning unless they are technical words and phrases having a peculiar and appropriate meaning in the law requiring definition according to their technical import. IND.CODE § 1–1–4–1(1).

Because the State Board has used a technical, appraisal term in its regulations, the Court will refer to such texts to define it. *See* I.C. 1–1–4–1(1). A "special-purpose property" or a "special-design property" is "[a] limited-market property with a unique physical design, special construction materials, or a layout that restricts its utility to the use for which it was built[.]" APPRAISAL INSTITUTE, THE APPRAISAL OF REAL ESTATE 25 (12th ed.2001).

LDI's improvement does not fall under the definition of a special purpose design property. The only evidence that the State Board put forth to support its contention that LDI's improvement was a special purpose design was that some of the columns were thicker than some of the others and that the building could be increased in size. At trial, the State Board's hearing officer, who stated that he was only "vaguely" familiar with the GCK schedule, explained that only the thickness of the wall columns was used to determine that LDI's improvement was a special purpose building. (Trial Tr. at 12, 18.) The hearing officer, stated that he did not

---

**6.** The Court notes, however, that the regulations do contain some references to "special purpose buildings," which are applicable to

determining depreciation. *See* IND. ADMIN. CODE tit. 50, r. 2.2–13–6; 4.2–11–8(b)(1).

think the GCK model was appropriate because of the improvement's "heavy duty" columns. (Trial Tr. at 10–11.) He believed the columns were "heavy duty" because some of them were ⅜ inch thick, which was twice as thick as the 3/16 inch columns. (Trial Tr. at 11–12.) He admitted, however, that the regulations do not have any provision that says that the thickness of the columns are a determinant of whether a building qualifies for the GCK schedule. (Trial Tr. at 13.) This evidence does not show that LDI's improvement had a unique design, special materials, or restrictive layout that would limit its marketability. Thus, the State Board has failed to rebut LDI's evidence that the improvement should be assessed under the GCK schedule.

██ Moreover, the State Board has failed to justify its decision to use the GCI schedule. The hearing officer testified that he did not use the GCK schedule because he "felt" that the GCI schedule was a better schedule to use on LDI's improvement despite the fact that he didn't have any support in the regulations for that determination. (Trial Tr. at 16.) This Court has previously stated that feelings do not constitute the requisite probative evidence required to uphold a State Board determination, nor do they constitute substantial evidence. *See Freudenberg–NOK General Partnership v. State Bd. of Tax Comm'rs,* 715 N.E.2d 1026, 1030 (Ind. Tax Ct.1999), *review denied.* Because the State Board did not support its final determination with substantial evidence, this Court REVERSES the State Board's final determination.

### CONCLUSION

For the aforementioned reasons, the State Board's final determination is REVERSED and this case is REMANDED to the State Board to assess LDI's improvement using the GCK schedule.