**James SHOOT, M.D., Appellant–Petitioner,**

v.

**STATE of Indiana, FAMILY AND SOCIAL SERVICES ADMINISTRATION, Appellee–Respondent.**

**Jerry SHEWARD, M.D., Appellee–Petitioner,**

v.

**STATE of Indiana, FAMILY AND SOCIAL SERVICES ADMINISTRATION, Appellee–Respondent.**

No. 49A05–9704–CV–144.

Court of Appeals of Indiana.

Feb. 26, 1998.

Phyllis J. Garrison, Indianapolis, for Appellants–Petitioners.

Jeffrey A. Modisett, Attorney General, Rachel Zaffran, Deputy Attorney General, Indianapolis, for Appellee–Respondent.

## OPINION

BARTEAU, Judge.

Dr. James Shoot and Dr. Jerry Sheward appeal the determinations made on judicial review sustaining the rulings of the State of Indiana Family and Social Services Administration (FSSA) which denied Medicaid reimbursement for days their patients spent in the hospital receiving inappropriate level of care services. The following issue is presented by the doctors for our review: Whether the trial court erred in determining that FSSA's denial of reimbursement was not arbitrary or capricious, an abuse of discretion, or otherwise contrary to law, when it applied the prevailing Indiana statutes and regulations rather than a conflicting federal statutory provision? We affirm.

### FACTS

The present appeal is a consolidation of appeals brought by Doctors Shoot and Sheward against FSSA to recover Medicaid reimbursement denied by FSSA. In each case, a patient was admitted as an inpatient to the psychiatric unit of Community Hospital, and was not discharged until a space could be procured in a long-term care facility. Each patient required twenty-four hour care and supervision, although it was not "medically necessary" to keep the patients in an acute-care hospital setting for that length of time. Because the length of stay in the hospital exceeded "medical necessity," FSSA denied Medicaid reimbursement for the days on which each patient was receiving inappropriate level of care services.[1]

Each doctor requested administrative review of the denial of reimbursement, and ultimately sought judicial review of the denial. The trial courts, in similarly-worded or-

---

1. In the case of Dr. Shoot's patient, reimbursement was denied for nine days of a thirty-four day stay in the hospital. In the case of Dr. Sheward's patient, FSSA denied reimbursement

ders, found that FSSA's denial was not arbitrary, capricious, an abuse of discretion, or contrary to law in that both federal and state Medicaid regulations allow appropriate limits to be placed on a service based upon criteria such as medical necessity. 42 C.F.R. § 440.230(d); 405 I.A.C. 1–6–3(c). Indiana regulations further provide that "reimbursement will be denied for any days during which the inpatient psychiatric hospitalization is found not to have been medically necessary." 405 I.A.C. 1–7–20(l). The trial courts found that there was substantial evidence in the record supporting FSSA's determination that the days of hospitalization for which reimbursement was denied were not medically necessary, and therefore affirmed FSSA's denial.

### STANDARD OF REVIEW

■ A court reviewing an administrative decision is limited to determining whether the agency possessed jurisdiction over the subject matter, and whether the agency's decision was made upon substantial evidence, was not arbitrary or capricious, and was not in violation of any constitutional, statutory or legal principles. Ind.Code § 4–21.5–5–14; *Indiana Dep't of Natural Resources v. United Refuse Co.*, 615 N.E.2d 100, 103 (Ind. 1993). The trial court proceeding is not intended to be a trial de novo, but rather the court simply analyzes the record as a whole to determine whether the administrative findings are supported by substantial evidence. *Natural Resources Comm'n v. Sugar Creek Mobile Estates*, 646 N.E.2d 61, 64 (Ind.Ct.App.1995), *reh'g denied, trans. denied.* Courts that review administrative determinations, at both the trial and appellate level, are prohibited from reweighing the evidence and judging the credibility of witnesses and must accept the facts as found by the administrative body. *Id.*

### DISCUSSION

We note at the outset that, in their petitions for judicial review and supporting briefs, the doctors framed the issues for review as whether FSSA's determination that

for one-hundred ten days of a one-hundred fifteen day hospital stay.

the days of hospitalization for which reimbursement was denied were not medically necessary was supported by substantial evidence and whether that determination was arbitrary, capricious, an abuse of discretion, or otherwise contrary to law because FSSA failed to state the specific criteria on which it based its determination. The doctors requested that the trial courts reverse the decisions of FSSA on these grounds and remand the cases to FSSA for approval of reimbursement for the days previously denied. Shoot R. 9–11; Sheward R. 10–12.

In this appeal, however, the doctors argue exclusively that Indiana's Medicaid plan is not in compliance with federal law because it does not provide an inappropriate level of care rate of reimbursement as required by the Boren Amendment, 42 U.S.C. § 1396a(a), which rate would be applicable to the cases at issue. Brief of Appellant, James Shoot, M.D. at 1; Brief of Appellant, Jerry Sheward, M.D. at 1. The doctors now request, based on this alleged non-compliance, that this court reverse the decisions of the trial courts, remand with instructions to enjoin future violations of the federal law, order that the legislature amend Indiana's Medicaid plan to comply with the federal law, and order FSSA to adopt an interim rate of reimbursement for inappropriate level of care services until such time as the state plan is amended. Brief of Appellant, James Shoot, M.D. at 10–11; Brief of Appellant, Jerry Sheward, M.D. at 11.

■ A party may obtain judicial review only of an issue that was raised before the administrative agency, with two exceptions: where the issue concerns notice of the proceedings and where the interests of justice would be served by judicial resolution of an issue which has arisen from a change in the controlling law occurring after the agency action was taken. Ind.Code § 4–21.5–5–10; *Indiana Educ. Employment Relations Bd. v. Tucker*, 676 N.E.2d 773, 775 (Ind.Ct.App. 1997). Based upon the limited records presented to this court,[2] it appears that the Boren Amendment issue was not argued before FSSA, nor was it argued before the trial

2. The Record of the Proceedings filed by Dr. Sheward contains only a partial transcript of the proceedings before the Administrative Law Judge

courts.[3] In addition, neither exception to the general rule is implicated here.[4] We are therefore unable to address the merits of this issue.

█ In addition, the sole relief either the trial court or the appellate court may grant if an administrative decision is found to be unlawful is to vacate the decision and remand for further determination by the agency. Ind.Code § 4–21.5–5–15; *Indiana Dep't of Human Servs. v. Firth*, 590 N.E.2d 154, 160 (Ind.Ct.App.1992). We would therefore be unable to grant the relief requested by the doctors even were we to decide that Indiana's Medicaid statutes and regulations do not comport with the federal law.

█ Although the doctors do not advance the issues presented to the trial courts on this appeal, we will address them nonetheless. We conclude from our review of the record of the proceedings before the administrative agency that there was substantial evidence supporting FSSA's determination that, on the day that each patient's condition was stabilized, i.e., the appropriate medications were established and discharge to another facility would be possible, it was no longer medically necessary for the patients to be in an acute-care setting, and pursuant to the regulations governing Indiana's Medicaid plan, the doctors were not entitled to reimbursement after that day. Further, FSSA's determination was neither arbitrary and capricious nor an abuse of discretion. Clearly, the determination was based upon a careful and individual review of each patient's medical chart to determine the day on which proactive treatment ended and maintaining the status quo began. While we sympathize with the conundrum presented to the doctors, who are only reimbursed as long as treatment is medically necessary but are potentially unable to discharge a patient thereafter due to lack of space in an appropriate facility, FSSA's criteria for reimbursement are not arbitrary or capricious, and a determination pursuant to that criteria that reimbursement should be denied is not an abuse of discretion.

Affirmed.

RUCKER and DARDEN, JJ., concur.

(ALJ), and no transcript of any trial court proceedings. The Record of the Proceedings filed by Dr. Shoot contains no transcript of either the proceedings before the ALJ or the trial court. Our review, therefore, is necessarily limited to the pleadings and exhibits filed by the parties and the Findings of Fact and Conclusions of Law entered by the ALJ and the trial courts.

3. Nothing presented to FSSA raises a Boren Amendment issue, nor do the Petitions for Judicial Review. The Briefs in Support of Petition for Judicial Review filed by each doctor several months after the Petitions were filed contain the first reference to the Boren Amendment under the discussion of whether FSSA's denial of reimbursement was arbitrary and capricious and an abuse of discretion for failure to state the specific criteria used by FSSA to determine that the days for which reimbursement was denied were not medically necessary. Shoot R. 53–57; Sheward R. 50–53. The reference is to a federal case out of the Northern District of Florida in which it was determined in § 1983 action that the Boren Amendment mandates reimbursement, albeit at a reduced rate, to inpatient hospitals providing lower level care to patients once the medical necessity for acute-care hospitalization has ceased but the required alternative care setting is unavailable, and ordered that Florida's state Medicaid plan, which did not provide for such reimbursement, be amended accordingly. *Tallahassee Memorial Regional Medical Ctr., Inc. v. Cook*, No. 93–40463–MMP (N.D.Fla. Jan. 18, 1996), *aff'd* 109 F.3d 693 (11th Cir.1997). Given that the Boren Amendment was not raised before FSSA, any issue with respect to the Indiana state Medicaid plan's compliance with this statute was not properly before the trial courts on judicial review, just as it is not properly before this court.

4. Clearly, notice is not an issue herein, and although *Tallahassee Memorial Regional Medical Ctr.* was decided after FSSA's determination in these cases, it cannot be considered a change in the "controlling law" such as to bring the issue before an Indiana court for the first time on judicial review. The Boren Amendment standard of reimbursement has been in effect since 1980 for nursing homes and intermediate care facilities, and was extended to hospitals in 1981. *Wilder v. Va. Hospital Ass'n*, 496 U.S. 498, 501 n. 1, 110 S.Ct. 2510, 2513 n. 1, 110 L.Ed.2d 455 (1990). Therefore any alleged non-compliance was available to be argued to FSSA before *Tallahassee Memorial Regional Medical Ctr.* was decided. In addition, we question whether, even if properly raised, the Boren Amendment would apply to these cases, as it is the individual provider, and not the hospital, who is disputing the lack of an inappropriate level of care rate of reimbursement.