**FREUDENBERG–NOK GENERAL PARTNERSHIP, Petitioner,**

v.

**STATE BOARD OF TAX COMMISSIONERS, Respondent.**

No. 49T10–9704–TA–00146.

Tax Court of Indiana.

Aug. 13, 1999.

Curtis J. Dickinson, David L. Pippen, Dickinson & Abel, Indianapolis, Indiana, Attorneys for Petitioner.

Jeffrey A. Modisett, Attorney General of Indiana, Indianapolis, Indiana, Vincent S. Mirkov, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Respondent.

FISHER, J.

Freudenberg–NOK General Partnership (NOK) appeals the final determination of the State Board of Tax Commissioners (State Board) fixing the assessed value of its property as of March 1, 1992. NOK presents two issues for this Court's consideration:

I. Whether the State Board abused its discretion by failing to review additional errors that were raised by NOK at hearing on remand but not raised by taxpayer in its Form 131 Petition or in its complaint to this Court.

II. Whether the State Board's final determination with respect to obsolescence depreciation lacked substantial evidentiary support.

## FACTS AND PROCEDURAL HISTORY

NOK, a general partnership engaged in business in Shelbyville, Indiana, owns one parcel of real property. NOK filed a Form 131 Petition (Petition) challenging the assessment made by the Shelby County Board of

Review (BOR) that fixed the assessed value of the parcel owned by NOK for the tax year 1992.[1] On April 18, 1997, because the State Board failed to act on its Petition,[2] NOK filed an original tax appeal requesting review of the same issues it raised in its Petition.[3]

On January 6, 1998, via telephonic status conference, both parties indicated to the Court that the State Board was willing to accept a remand on the issues raised on appeal. Thereafter, on January 9, 1998, this Court issued a remand order that required "consideration of the issues raised on appeal." *Freudenberg–NOK Gen. Partnership v. State Bd. of Tax Comm'rs*, No. 49T10–9704–TA–00146 (Ind. Tax Ct. Jan. 9, 1998) (unpublished order remanding cause to the State Board). On February 17, 1998, the State Board conducted a hearing on NOK's Petition. At the hearing, NOK offered testimony describing certain errors, which were in addition to those alleged in its Petition, in the assessment of the subject property. These additional errors included the grade of the subject property, an improper wall height adjustment, sprinkler pricing, and the lack of an adjustment for a division wall. (Pet'r Ex. A). On March 27, 1998, the State Board issued its final determination. The final determination only dealt with the issues raised by NOK in its Petition.[4]

On April 1, 1998, NOK, pursuant to the Court's January 9, 1998 order in which the Court retained jurisdiction pending the outcome of the State Board hearing, requested that the Court set this matter for trial. On July 27, 1998, the parties tried this case before this Court. Additional facts will be supplied as necessary.

## ANALYSIS AND OPINION

### Standard of Review

 This Court gives final determinations of the State Board great deference

---

1. In its Petition and complaint to this Court, NOK also requested review of the constitutionality of the statutes, regulations, and valuation procedures that govern real property taxation in Indiana. However, the Court will not consider the issue of constitutionality at this time.

2. The State Board contends that it never received NOK's Petition; thus it could not act on it.

3. *See* IND.CODE ANN. § 6–1.1–15–4(e) (West Supp. 1998) (amended 1997, effective Jan. 1, 1999); *see also State Bd. of Tax Comm'rs v. Mixmill Mfg.*, 702 N.E.2d 701, 703 (Ind.1998); *Kent Co. v. State Bd. of Tax Comm'rs*, 685 N.E.2d 1156, 1156 n. 1 (Ind. Tax Ct.1997), *review denied*.

4. The State Board asserts that it was statutorily empowered to do so. *See* IND.CODE ANN. § 6–1.1–15–3(d) (West Supp.1998).

when the State Board acts within the scope of its authority. *See Garcia v. State Bd. of Tax Comm'rs*, 694 N.E.2d 794, 795–96 (Ind. Tax Ct.1998). Accordingly, this Court reverses final determinations of the State Board only when they are unsupported by substantial evidence, are arbitrary or capricious, constitute an abuse of discretion, or exceed statutory authority. *See id.* at 796.

## Discussion

### I. The State Board's Decision to Hear Only Those Issues Raised in NOK's Petition.

■ NOK contends that the State Board improperly failed to consider the additional issues it asserted at the remand hearing. The Court cannot agree. On January 6, 1998, *both parties*, via telephonic status conference, *agreed* that the State Board would hear only those issues that were raised in NOK's Petition. As a result, on January 9, 1998, the Court ordered that this cause be remanded to the State Board to deal with those issues. Following the Court's order, the State Board properly refused to consider the other issues raised by NOK. Accordingly, the Court affirms the State Board with respect to this issue.

### II. Obsolescence Depreciation

■ Obsolescence, which is a form of depreciation, is defined as a loss of value and classified as either functional or economic. *See* IND. ADMIN. CODE tit. 50, r. 2.1–5–1 (1992) (codified in present form at *id.* r. 2.2–10–7(e) (1996)). Although the record is unclear, it appears that NOK's property suffers from a functional loss in value. Functional obsolescence is either a physical element that buyers are unwilling to pay for or a deficiency that impairs the utility of a property when compared to a more modern replacement, thus leading to a loss in value. *See* Michael D. Larson, *Identifying, Measuring, and Treating Functional Obsolescence in an Appraisal*, 10 J. PROP. TAX MGMT. 42, 44 (1999); *see also* IND. ADMIN. CODE tit. 50, r. 2.1–5–1. Simply put, functional obsolescence works as a penalty against the property's value. *See*

Larson, *supra*, at 44; *see also* IND. ADMIN. CODE tit. 50, r. 2.1–5–1.

■ The determination of obsolescence is a two-step inquiry. *See Clark v. State Bd. of Tax Comm'rs*, 694 N.E.2d 1230, 1238 (Ind. Tax Ct.1998). Under the regulations, an assessor must identify the causes of obsolescence and then quantify the amount of obsolescence to be applied. *See id.; see also Heart City Chrysler v. State Bd. of Tax Comm'rs*, 714 N.E.2d 329, 333–34 (Ind. Tax Ct.1999); *see* IND. ADMIN. CODE tit. 50, r. 2.1–5–1. With respect to the second part, this Court has held that despite the failure of the regulation governing obsolescence to provide proper guidance regarding the quantification of obsolescence, the State Board is not relieved of its responsibility to support its quantification of obsolescence with substantial evidence. *See Clark*, 694 N.E.2d at 1240; *see also Phelps Dodge v. State Bd. of Tax Comm'rs*, 705 N.E.2d 1099, 1102 (Ind. Tax Ct.1999), *review denied.*

■ In the present case, NOK requested State Board review of the BOR's application of a 20% factor to account for obsolescence depreciation. The State Board declined to increase the BOR's findings, leaving the depreciation factor unchanged at 20%. Upon performing a proper review, the State Board is not required to alter a finding of the BOR if it makes a proper determination that no change is necessary. However, a key element of a proper determination is substantial evidence, and, in this case, the State Board's final determination regarding the subject improvement's obsolescence falls short of the substantial evidence required for this Court to uphold it. *See Clark*, 694 N.E.2d at 1240–41.

■ In its final determination, the State Board simply stated that NOK did not present evidence supporting the need for additional obsolescence. (State Bd. Final Determination ¶ 2). However, whether NOK presented evidence demonstrating a need for additional obsolescence has nothing to do with whether the 20% figure itself is supported by substantial evidence.[5] At tri-

---

5. *Cf. Clark*, 694 N.E.2d at 1234 (noting that the taxpayer may offer a competing view of what the

al, the hearing officer stated that he recommended ratification of the BOR's findings to the State Board. However, the basis for the BOR's findings were deficient in that they were supported only by the fact that the BOR's representative "felt" 20% to be the correct obsolescence depreciation factor to be applied to the subject improvement. (Trial Tr. at 12). "Feelings" do not constitute the requisite basis required to uphold a State Board final determination, nor do they amount to substantial evidence. *See Loveless Constr. Co. v. State Bd. of Tax Comm'rs*, 695 N.E.2d 1045, 1048 (Ind. Tax Ct.1998) (citing *Clark*, 694 N.E.2d at 1240– 41), *review denied.*

 Moreover, the State Board maintains that the Court must affirm the final determination because NOK did not sustain its burden of proving the BOR's 20% factor incorrect. The Court notes that, in *Loveless*, the State Board presented the same argument, and in *Loveless*, the Court rejected those arguments because the State Board's final determination was not supported with substantial evidence. *See id.* Concerned with the manner in which the facts were found, rather than the facts themselves, the Court held in *Loveless* that a taxpayer is not always required to challenge the accuracy of an assessment in order to challenge the basis of an assessment. *See id.* (quoting *Clark*, 694 N.E.2d at 1234). As it did in *Loveless*, the State Board, in this case, failed to support the BOR's application of a 20% factor for obsolescence with substantial evidence. The Court finds no reason to alter its holding in *Loveless* by affirming the State Board's actions in this proceeding. Because the State Board apparently does not understand the Court's holding in *Loveless* and continues to rely on this argument, the Court will explain further its reasoning so as to prevent the same argument from recurring in the future.

 The most troubling aspect of the State Board's argument that the taxpayer "must prove the BOR's findings erroneous" is that, to accept the argument, the Court would have to "step into the shoes" of the

administrative decision maker. It would require a weighing of the probative value of the taxpayer's evidence at the administrative level against the basis for the BOR's determination. This Court, in reviewing State Board final determinations, does not weigh evidence. *See Garcia*, 694 N.E.2d at 796; *see also Shoot v. State*, 691 N.E.2d 1290, 1292 (Ind.Ct.App.1998), *trans. denied* (Courts that review administrative decisions are prohibited from reweighing evidence and judging the credibility of witnesses.)*; D.F. v. Western Sch. Corp.*, 921 F.Supp. 559, 564 (S.D.Ind. 1996) (Under the substantial evidence standard, credibility decisions are best left for the administrative decision maker rather than the Court.). Fact-finding is clearly the responsibility of the State Board. *See Alte Salems Kirche v. State Bd. of Tax Comm'rs*, 694 N.E.2d 810, 813 (Ind. Tax Ct.1998); *see also Sangralea Boys Fund v. State Bd. of Tax Comm'rs*, 686 N.E.2d 954, 959 (Ind. Tax Ct.1997), *review denied.* Thus, despite what the Court thinks about the quality of the evidence presented at the administrative level, the Court is limited as to what it can review. *See, e.g., Fuller v. Allison Gas Turbine Div.*, 670 N.E.2d 64, 67 (Ind.Ct.App. 1996) (citing *Indiana Civil Rights Comm'n v. Southern Ind. Gas & Elect. Co.*, 648 N.E.2d 674, 679 (Ind.Ct.App.1995), *trans. denied* ). Generally, in its review of State Board final determinations, this Court examines whether the taxpayer has presented probative evidence (i.e., carried its burden of production) and, if so, whether the State Board has supported its final determination with substantial evidence. Altering the Court's standard of review is not an option, not to mention that it is also contrary to law. *See Whitley Prods. Inc. v. State Bd. of Tax Comm'rs*, 704 N.E.2d 1113, 1120 (Ind. Tax Ct.1998). ("This Court has but one standard by which it reviews final determinations of the State Board ... [t]his standard does not change."); *see also North Park Cinemas v. State Bd. of Tax Comm'rs*, 689 N.E.2d 765, 769 (Ind. Tax Ct.1997) (finding that the allocation of burden of proof is not relevant to the Court's standard of review).

assessment should be in order to help his case).

This Court has recently articulated that the taxpayer's evidence should do two things: identify causes of the alleged obsolescence and support a quantification of obsolescence at the administrative level.[6] *See Clark,* 694 N.E.2d at 1241. In this case, it is undisputed that the subject improvement suffers obsolescence. *See Phelps Dodge,* 705 N.E.2d at 1102. The fact that the parties agree that causes of obsolescence exist[7] obviates NOK's burden to offer probative evidence showing that the subject improvements experience obsolescence.[8] *See Phelps Dodge,* 705 N.E.2d at 1102. Therefore, this leads to the question that this Court must ask: did the State Board support its findings with substantial evidence? It did not. Indeed, the State Board may have been correct in its assertion that the subject improvement merited no more than a 20% factor for obsolescence. However, this Court has no means of determining this from the record, *see Corey v. State Board. of Tax Commissioners,* 674 N.E.2d 1062, 1066 (Ind. Tax Ct.1997); *Bailey Seed Farms v. State Bd. of Tax Comm'rs,* 542 N.E.2d 1389, 1392 (Ind. Tax Ct.1989), and, as a result, this issue must be remanded. Because the hearing in this case predates the *Clark* opinion, NOK was not required to quantify the obsolescence of the subject improvement; however, on remand, NOK will be required to do so.

On remand, NOK will be required to offer probative evidence regarding its claim of obsolescence.[9] *See Clark,* 694 N.E.2d at 1241. Not only will the State Board be required to deal with this evidence in a meaningful manner[10] but it will also be required support whatever amount of obsolescence it deems to be appropriate with substantial evidence. Accordingly, the issue of obsolescence is remanded for further consideration consistent with this opinion and the Court's holding in *Clark.*

## CONCLUSION

For the foregoing reasons, the Court AFFIRMS the State Board's final determination with respect to issue I. The Court REVERSES and REMANDS the State Board's final determination with respect to issue II for further consideration consistent with this opinion.

---

6. *See* Lawrence A. Jegen, III & Gregory J. Duncan, *1998 Developments in Indiana Taxation,* 32 IND. L.REV. 1003, 1037 (1999) (describing this requirement as a "bold step by the court in an attempt to make judicial review more efficient").

7. By granting the subject improvement an application of 20% to account for obsolescence, the State Board agrees that the subject improvement suffers from obsolescence. *See Heart City Chrysler,* 714 N.E.2d at 333–34.

8. When the State Board determines that the property has obsolescence, it cannot be heard to complain that the taxpayer did not show causes of obsolescence. *See Heart City Chrysler,* 714 N.E.2d at 333 n. 13.

9. The record indicates that NOK identified causes of obsolescence, therefore, on remand, NOK will be required to quantify the amount of obsolescence it seeks to have applied to the subject property.

10. *See Loveless,* 695 N.E.2d at 1049.