**LOUIS D. REALTY CORPORATION,**
Petitioner,

v.

**INDIANA STATE BOARD OF
TAX COMMISSIONERS,**
Respondent.

**No. 49T10–9701–TA–36.**

Tax Court of Indiana.

Jan. 18, 2001.

---

Curtis J. Dickson, Dickinson & Abel, David L. Pippen, Attorney at Law, Indianapolis, IN, for Petitioner.

Stephen R. Carter, Attorney General of Indiana, Laureanne Nordstrom, Deputy Attorney General, Indianapolis, IN, for Respondent.

FISHER, J.

Louis D. Realty Corporation (Louis Realty) appeals the State Board of Tax Commissioners' (State Board) final determinations that assessed its properties as of the March 1, 1992 assessment date. Louis Realty presents the following issues for this Court's review on appeal:

1) whether the State Board's Regulations regarding grade, condition, or obsolescence are unconstitutional because they lack ascertainable standards and are therefore arbitrary and capricious as a matter of law; and

2) whether the State Board's determinations of grade, condition, or obsolescence in Realty's specific case are arbitrary or capricious or unsupported by substantial evidence;

### FACTS AND PROCEDURAL HISTORY

Louis Realty owns two pieces of property located in Allen County, Indiana.[1] On November 17, 1992, Louis Realty filed two

---

1. The parcels of property in question are numbers 50–0018–0001 (parcel one) and 50–0018–0002 (parcel two).

form 131 petitions for review of assessment (131 Petitions) with the State Board seeking review of the March 1, 1992 assessment of its properties claiming that the improper base rate and obsolescence depreciation were applied to parcel one and that parcel two was entitled to additional obsolescence. Thereafter, the State Board held a hearing on the petitions. On November 22, 1996, the State Board issued its final determinations wherein on both properties it changed the land type classification and the pricing of the paving. In addition, the State Board changed the perimeter-to-area ratio on parcel one. No changes were made to grade, the depreciation table, or obsolescence on either parcel.[2] On January 3, 1997, Louis Realty filed its original tax appeal in this Court. Additional facts will be provided as necessary.

## ANALYSIS AND OPINION

### Standard of Review

██ This Court gives final determinations of the State Board great deference when the State Board acts within the scope of its authority. *Freudenberg–NOK General Partnership v. State Bd. of Tax Comm'rs*, 715 N.E.2d 1026, 1028–29 (Ind. Tax Ct.1999). Accordingly, this Court reverses final determinations of the State Board only when they are unsupported by substantial evidence, are arbitrary or capricious, constitute an abuse of discretion, or exceed statutory authority. *Id.* at 1029.

[3–6] In addition, a taxpayer challenging the validity of the State Board's final determination bears the burden of demonstrating the invalidity of the final determination. *Clark v. State Bd. of Tax Comm'rs*, 694 N.E.2d 1230, 1233 (Ind. Tax Ct.1998). The taxpayer must present a prima facie case (a case in which the evidence is "sufficient to establish a given fact and which if not contradicted will remain sufficient"). *GTE North Inc. v. State Bd.*

*of Tax Comm'rs*, 634 N.E.2d 882, 887 (Ind. Tax Ct.1994) (citations and internal quotation marks omitted). To establish a prima facie case, the taxpayer must offer probative evidence concerning the alleged error. *King Indus. v. State Bd. of Tax Comm'rs*, 699 N.E.2d 338, 343 (Ind. Tax Ct.1998); *Whitley Prods., Inc. v. State Bd. of Tax Comm'rs*, 704 N.E.2d 1113, 1119 (Ind. Tax Ct.1998), *review denied.* "Once the taxpayer carries the burden of establishing a prima facie case, the burden shifts to the State Board to rebut the taxpayer's evidence and justify its decision with substantial evidence." *Clark*, 694 N.E.2d at 1233. To carry its burden, the State Board must do more than merely assert that it assessed the property correctly. *Loveless Const. Co. v. State Bd. of Tax Comm'rs*, 695 N.E.2d 1045, 1049 (Ind. Tax Ct.1998), *review denied.* Instead, the State Board must offer an authoritative explanation of its decision to rebut the taxpayer's prima facie showing. *Id.*

### Discussion

#### I.

██ The first issue is whether the State Board's Regulations regarding grade, condition, or obsolescence are unconstitutional because they lack ascertainable standards and are therefore arbitrary and capricious as a matter of law. Louis Realty wages a general attack on the method of determining grade, condition, and obsolescence set forth under the Regulations.

This Court addressed the same challenge to grade, condition, and obsolescence in *Town of St. John v. State Board of Tax Commissioners*, 690 N.E.2d 370, 386–387 (Ind. Tax Ct.1997) (*St. John* III), *rev'd in part on other grounds by State Board of Tax Commissioners v. Town of St. John*, 702 N.E.2d 1034 (Ind.1998) (*St. John* V). In *St. John III* this Court concluded that the current system lacked ascertainable standards. *Id.* at 384. More specifically, this Court held that "the State Board reg-

---

**2.** Although not clear, it appears that Louis Realty's arguments cover both parcels.

Therefore, unless otherwise indicated, the Court's analysis will cover both parcels.

ulations fail to provide ascertainable standards to guide the discretion of assessing officials and to measure the fairness of administrative action. Taxpayers as a whole are denied a meaningful opportunity to challenge their taxes on any objective basis." *Id.* at 384–85. The Court then discussed examples of those regulations that lack ascertainable standards including, among others, those set forth to determine condition, grade, and obsolescence. *Id.* at 386–87. This Court stated that "[t]here are no objective standards to determine whether an opinion of condition is correct." *Id.* at 386. With regard to grade this Court concluded that many elements of grade "are so subjective as to be unclear." *Id.* Moreover, the Court noted that "[t]he lack of ascertainable standards is particularly pronounced in the 'A' grade classification. There is no guidance in the manual differentiating between and 'A' and an 'A + 10' dwelling." *Id.; Accord Garcia v. State Bd. of Tax Comm'rs,* 694 N.E.2d 794, 797–98 (Ind. Tax Ct.1998). Finally, with regard to economic obsolescence, this Court stated that "[t]here are no objective standards used for measuring obsolescence and, therefore, no way to apply equality and uniformity." *St. John III,* 690 N.E.2d at 386.

Notwithstanding the above conclusions that this Court made in *St. John III,* this Court has also recognized that the fact that the subject improvement was assessed under an unconstitutional regulation does not mean that the assessment will be invalidated on that basis. *Whitley Prods.,* 704 N.E.2d at 1121; *See also White Swan Realty v. State Bd. of Tax Comm'rs,* 712 N.E.2d 555, 559 (Ind. Tax Ct.1999) (discussing with regard to grade), *review denied; Phelps Dodge v. State Bd. of Tax Comm'rs,* 705 N.E.2d 1099, 1104 (Ind. Tax Ct.1999) (discussing with regard to condition), *review denied.* "Real property must still be assessed, and, until the new regulations are in place, must be assessed under the present system." *Whit-*

ley Prods., 704 N.E.2d at 1121; *See also Town of St. John v. State Bd. of Tax Comm'rs,* 729 N.E.2d 242, 250–251 (Ind. Tax Ct.2000). This means that a taxpayer cannot come into court, point out the inadequacies of the present system and obtain a reversal of an assessment. *Whitley Prods.,* 704 N.E.2d at 1121. Instead, the taxpayer must come forward with probative evidence relating to the issue the taxpayer raises.[3] *Id. But see Clark,* 694 N.E.2d at 1241 & *Freudenberg–NOK,* 715 N.E.2d at 1029–1030 (collectively concluding that in cases that arose prior to *Clark,* the taxpayer does not need to present probative evidence to trigger the State Board's substantial evidence requirement where the State Board approved or modified the county board's quantification of obsolescence).

Louis Realty argues that the determinations of grade, condition, and obsolescence pursuant to the regulations are arbitrary and capricious because the regulations do not contain ascertainable standards. Thus, too much discretion is left to the subjective judgment of the assessing official. While this Court has previously stated that the regulations lack ascertainable standards, this Court has also stated that assessments will not be reversed solely on that basis. *See Whitley Prods,* 704 N.E.2d at 1121. As this Court said previously, until the new regulations are in place, real property must be assessed under the present system. *See id.* Therefore, Louis Realty's argument that the final determinations should be reversed because the regulations do not contain ascertainable standards cannot prevail.

## II.

The second issue is whether the State Board's determinations of grade, condition, or obsolescence in Louis Realty's specific case are arbitrary or capricious or unsupported by substantial evidence. This

---

**3.** This issue will be discussed in section II *infra.*

Court will address each of his contentions with regard to grade, condition, and obsolescence in turn.

### A. Grade

Louis Realty argues that the State Board's determinations of grade are arbitrary and capricious as a matter of law. The grading of improvements is an important aspect of the True Tax Value system. *White Swan Realty*, 712 N.E.2d at 559. Assessors use cost schedules to determine the base reproduction cost of a particular improvement. *Id.* Various grades are then assigned to an improvement based on the quality of the improvement's materials, design, and workmanship. *Id. See also* IND. ADMIN. CODE tit. 50, r. 2.1–4–3(f) (1992) (codified in present form at id., r. 2.2–10–3(a) (1996)). The grades represent multipliers that are applied to the base reproduction cost of an improvement as calculated by using the cost schedules provided in the regulations. *White Swan Realty*, 712 N.E.2d at 559.

Here, Louis Realty must offer probative evidence to demonstrate that the State Board's final determinations as to grade are arbitrary or capricious. *See id.* However, Louis Realty has not offered any evidence to support its assertion that the State Board erred in determining the grade of the properties in this case. Allegations, unsupported by factual evidence, remain mere allegations. *Herb v. State Bd. of Tax Comm'rs*, 656 N.E.2d 890, 893 (Ind. Tax Ct.1995). Louis Realty's assertion that the State Board's findings of grade were arbitrary and capricious is an unsupported allegation. *See id.* Thus, the State Board's final determinations are AFFIRMED as to the grade issue.

### B. Condition

Louis Realty contends that the State Board's final determinations with respect to the condition of the subject improvements are not supported by substantial evidence and are therefore arbitrary and capricious. The True Tax Value system takes the physical depreciation of im-

provements into account in arriving at their True Tax Value. *Phelps Dodge*, 705 N.E.2d at 1103. The physical depreciation of an improvement is based on its age, condition, and structure type. IND. ADMIN. CODE tit. 50, r. 2.1–5–1 (1992) (codified in present form at id., r. 2.2–12–4(c) (1996)). An improvement's physical depreciation is expressed as a percentage. *Id.* This percentage is determined by ascertaining the age and condition of the improvement and then consulting the economic life table corresponding to the structure type of the improvement. *Id. See also Phelps Dodge*, 705 N.E.2d at 1103. The condition of an improvement represents the improvement's remaining usefulness. IND. ADMIN. CODE tit. 50, r. 2.1–5–1. An improvement's condition is determined by an observation of the amount of physical deterioration relative to the age of that improvement and the degree of maintenance relative to the age of that improvement. *Id. See also Phelps Dodge*, 705 N.E.2d at 1103. "To estimate the level of condition, the assessor must determine the average condition of similar structures, [and] then relate the structure being [assessed] to that established average." *Phelps Dodge*, 705 N.E.2d at 1103 (quoting IND. ADMIN. CODE tit. 50, r. 2.1–5–1). Once the assessor does this, the assessor must then choose one of seven "levels of condition" ranging from Excellent to Very Poor to assign to the improvement being assessed. *Id.*

Louis Realty must offer probative evidence to support its assertion that the State Board did not support its findings regarding condition with substantial evidence. *See id.* at 1104. Here, Louis Realty asserts that "the hearing officer testified he considered evidence of wear and tear, but only compared the subject buildings to one other property." (Pet'r Brief at 9.) Therefore, it contends that one building cannot be the established average of similar structures as required under IND. ADMIN. CODE tit. 50, r. 2.1–5–1. This

Court agrees with Louis Realty. The plain language of IND. ADMIN. CODE tit. 50, r. 2.1–5–1 requires that the assessor determine the average condition of other similar structures, then compare that average to the structure being assessed. *Cf. Joyce Sportswear Co. v. State Bd. of Tax Comm'rs*, 684 N.E.2d 1189, 1192 (Ind. Tax Ct.1997) (stating that "[w]hen faced with a question of statutory interpretation, this Court looks first to the plain language of the statute. Where the language is unambiguous, this Court has no power to construe the statute for the purpose of *limiting or extending its operation*.") (original emphasis) (internal quotation marks omitted), *review denied.* This Court finds that the hearing officer only compared Louis Realty's facility to one other facility.[4] Consequently, Louis Realty has presented probative evidence that establishes a prima facie case that the State Board's determinations regarding condition are arbitrary and capricious because the hearing officer did not determine the average condition of other similar structures and then compare that average to Louis Realty's structure. *See* IND. ADMIN. CODE tit. 50, r. 2.1–5–1. The State Board has failed to rebut Louis Realty's prima facie case with substantial evidence here. Consequently, this Court REVERSES and REMANDS the condition issue to the State Board. On remand, Louis Realty must present probative evidence sufficient to establish a prima facie case as to the level of condition it is entitled.[5] Once Louis Realty presents a prima facie case, the State Board must support is decision with substantial evidence. *See Clark*, 694 N.E.2d at 1233.

### C. Obsolescence Depreciation

Louis Realty contends that the State Board's final determinations regarding functional and economic obsolescence are not supported with substantial evidence and are therefore arbitrary and capricious. "The True Tax Value of a commercial improvement is determined by calculating the reproduction cost of the improvement (as determined by an application of the State Board regulations) and subtracting any physical and obsolescence depreciation." *Loveless Const.*, 695 N.E.2d at 1047. The regulations define obsolescence as a functional and economic loss of value. IND. ADMIN. CODE tit. 50, r. 2.1–5–1 (1992) (codified in present form at *id.*, r. 2.2–10–7(e) (1996)). Functional obsolescence is caused by factors internal to the property and is "evidenced by conditions within the property." *Id.* Economic obsolescence is caused by factors that are external to the property. *Id.* In the commercial context, a loss of value usually represents a decrease in the improvement's income generating ability. *Loveless Const.*, 695 N.E.2d at 1047.

In *Clark v. State Board of Tax Commissioners*, this Court concluded that as a prerequisite for this Court to review a taxpayer's case, during its hearing before the State Board the taxpayer must follow a two-step process whereby a taxpayer must

---

**4.** The Court notes that shortly after the hearing officer testified that he only compared the facility to one other facility, he stated that he did consider other facilities. (Trial Tr. at 32.) However, the hearing officer testified that "[w]ell, to qualify my experience in the state I have seen other buildings in the state, but at [the] time [when] I was looking at this one I was not actually comparing one-on-one with this building. So they would have played a factor in my judgment." (Trial Tr. at 31–32.) The hearing officer's reliance on his general knowledge of the condition of buildings does not meet the specific requirement under IND. ADMIN. CODE tit. 50, r. 2.1–5–1 (1992) that he "determine the average condition of similar structures of comparable age, then relate the structure being valued to that established average."

**5.** This Court has previously stated that the taxpayer can offer evidence of comparable properties to demonstrate errors in the State Board's determination of the condition of a particular improvement. *Phelps Dodge*, 705 N.E.2d at 1104–05. The taxpayer may also offer evidence tending to establish how much maintenance would be required to restore the improvement to perfect condition. *Id.*

first identify causes of obsolescence and then quantify the amount of obsolescence to be applied. *Clark,* 694 N.E.2d at 1241. However, as this case arose before *Clark,* Louis Realty was not required to quantify its evidence, but simply to identify it. *See id.* Moreover, because this is a pre-*Clark* case and Louis Realty is asserting that the State Board did not support its affirmation of the county board's decision regarding the quantification of 20% functional obsolescence with substantial evidence, Louis Realty need only demonstrate that quantification of the functional obsolescence lacks evidentiary support to prevail. *Loveless,* 695 N.E.2d at 1048. In this situation, Louis Realty does not need to challenge the accuracy of the assessment to challenge the basis. *Id.* In other words, Louis Realty is not required to present a prima facie case here as to the *quantification* of functional obsolescence. However, Louis Realty is required to present probative evidence to establish a prima facie case regarding its asserted *causes* of economic obsolescence. *White Swan Realty,* 712 N.E.2d at 560 (stating "when challenging the State Board's determination denying an obsolescence adjustment, the taxpayer has to offer evidence tending to prove causes of obsolescence").

■ First, this Court looks to whether the State Board supported its final determination with substantial evidence as it relates to its finding of 20% functional obsolescence on the supermarket portion of one of its buildings.[6] Louis Realty asserts that the State Board failed to support its decision to affirm the County Board's determination of functional obsolescence with substantial evidence. This Court agrees. The hearing officer testified that he based his decision to affirm the county board's finding of 20% obsolescence solely on the county assessing official's assertion that "they had handled

most of their supermarkets in that county at a twenty-percent obsolescence." (Trial Tr. at 17.) The hearing officer also testified that he did not have any independent evidence regarding the basis for the county board's 20% obsolescence determination and that the 20% functional obsolescence could have been incorrect. (Trial Tr. at 17, 37.) Because this Court finds that the hearing officer merely affirmed the county board without showing any basis for granting the 20% functional obsolescence, the State Board did not support its decision to affirm the county board's determination with substantial evidence. Therefore, this Court must REVERSE and REMAND the State Board's final determination as to functional obsolescence. On remand, Louis Realty must present probative evidence sufficient to establish a prima facie case as to the quantification of functional obsolescence. *See Clark,* 694 N.E.2d at 1241. If the Louis Realty presents a prima facie case, the State Board must support its decision with substantial evidence. *See id.* at 1233. However, if Louis Realty fails to present a prima facie case regarding quantification, the State Board should state that in its final determination. *Cf. Clark v. State Bd. of Tax Comm'rs,* 742 N.E.2d 46, 49, n. 5 (Ind. Tax Ct.2001).

■ Next, this Court looks to whether Louis Realty has presented probative evidence that it suffers from economic obsolescence. Louis Realty submitted financial statements indicating the subject properties' income and expenses for the years 1989–1991 to the hearing officer in support of its claim for economic obsolescence. (Trial Tr. at 34–35.) (Joint Exs. C & F.) After reviewing the financial statements, the hearing officer determined that the statements did not indicate a loss and therefore no obsolescence was justified. (Trial Tr. at 34, 36.) Although the hearing

---

6. The supermarket at issue is located on parcel number two. (Joint Ex. B at 4.) Neither the County Board nor the State Board found any functional obsolescence with regard to parcel one. Louis Realty appears to only make a functional obsolescence argument with regard to parcel number two. Therefore, this Court's analysis of functional obsolescence is only with regard to parcel number two.

officer had requested vacancy rates for 1989–1991, Louis Realty only provided the hearing officer with the rate for 1991, which was 4%. (Trial Tr. at 35–36.) The hearing officer concluded that a 4% vacancy rate did not indicate that any obsolescence was merited. (Trial Tr. at 35.) Louis Realty also provided the hearing officer with general information on obsolescence. (Trial Tr. at 36.) (Joint Ex. C.) Louis Realty has not shown how the financial statements that it submitted to the State Board demonstrate causes of economic obsolescence.[7] Moreover, Louis Realty has not presented any evidence or authority that a 4% vacancy rate is indicative of economic obsolescence. *See Governours Square Apartments v. State Bd. of Tax Comm'rs,* 528 N.E.2d 864, 866 (Ind. Tax Ct.1987) (stating that "data submitted by the petitioner for 1978 showed a vacancy rate of 3.74%, which in and of itself [did not] not suggest any obsolescence"). Because Louis Realty has not presented probative evidence showing that its property suffers from economic obsolescence, this Court AFFIRMS the State Board's final determinations as they relate to economic obsolescence.

## CONCLUSION

For the foregoing reasons, the Court hereby AFFIRMS the State Board's final determinations that Louis Realty is not entitled to a change in grade or economic obsolescence. However, this Court REVERSES and REMANDS the issues of condition and functional obsolescence to the State Board for further proceedings consistent with this opinion.

---

7. Louis Realty's entire argument regarding economic obsolescence in its post trial brief consists of the following sentence: "Despite having evidence of economic obsolescence, the hearing officer did not find any additional economic obsolescence depreciation warranted." (Pet'r Br. at 11.) This argument is woefully underdeveloped and tells the Court nothing.