**HOWARD COUNTY ASSESSOR,**
**Petitioner,**

v.

**KOKOMO MALL, LLC, Respondent.**

No. 49T10–1109–TA–56.

Tax Court of Indiana.

Aug. 6, 2014.

Alan D. Wilson, Attorney at Law, Kokomo, IN, Attorney for Petitioner.

Brent A. Auberry, Vickie L. Norman, Benjamin A. Blair, Faegre Baker Daniels LLP, Indianapolis, IN, Attorneys for Respondent.

FISHER, Senior Judge.

The Howard County Assessor has appealed the Indiana Board of Tax Review's final determination that reduced Kokomo Mall, LLCs commercial property assess-

ments for the 2007, 2008, and 2009 tax years.[1] The Court affirms.

## FACTS AND PROCEDURAL HISTORY

The subject property, commonly known as the Kokomo Mall, is situated on three parcels of land along U.S. Highway 31 in Howard County, Indiana. Parcel No. 17 consists of 9.86 acres of land, a JCPenney store, and one other building; Parcel No. 20 consists of 21.15 acres of land, the enclosed, regional shopping mall, and a movie theater; and Parcel No. 22 consists of 1.73 acres of land and a parking lot. The Assessor assessed the property as follows: Parcel No. 20 at $6,979,700 for 2007, all three parcels at $8,230,200 for 2008, and all three parcels at $7,419,500 for 2009.

Believing these assessments were too high, Kokomo Mall appealed, first to the Howard County Property Tax Assessment Board of Appeals and then to the Indiana Board.[2] At the Indiana Board hearing on February 15, 2011, Kokomo Mall presented a Summary Appraisal Report (Appraisal), completed in conformance with the Uniform Standards of Professional Ap-

praisal Practice (USPAP), which valued Parcel No. 20 at $4,960,000 for 2007, all three parcels at $6,080,000 for 2008, and all three parcels at $3,990,000 for 2009. (See Cert. Admin. R. at 190–277.) Kokomo Mall also presented the testimony of Sara Coers, a certified member of the Appraisal Institute (MAI), who prepared the Appraisal.[3] Coers explained that she arrived at these values by adding her income approach valuations for all three parcels (excluding the movie theater) to the corresponding movie theater assessments.[4] (See Cert. Admin. R. at 647–77.) In addition, Coers explained that she corroborated her income approach valuations by comparing the subject property's net operating income (NOI) to the adjusted NOIs of seven Indiana, and two Ohio, enclosed malls. (See Cert. Admin. R. at 252–55, 667–70.)

In response, the Assessor argued that Kokomo Mall's evidence was riddled with errors and therefore unreliable. More specifically, the Assessor claimed that the evidence lacked any probative value whatsoever because Coers

1) blindly relied on the data the property owner provided because she took

1. Portions of the administrative record are confidential; consequently, this opinion will only provide the information necessary for the reader to understand its disposition of the issues presented. See generally Ind. Administrative Rule 9.

2. Kokomo Mall did not contest the 2007 assessments of Parcel Nos. 17 and 22. (See Cert. Admin. R. at 635.)

3. Although Lawrence W. Mitchell assisted with the preparation of the Appraisal and appeared at the Indiana Board's hearing, he presented minimal testimony. (See Cert. Admin. R. at 638–40, 733.)

4. Coers testified that she used the income approach rather than the cost approach to estimate the value of the subject property

because investors used the cost approach to value newer enclosed malls, not forty-plus-year-old enclosed malls. (See Cert. Admin. R. at 199, 231, 647.) Accordingly, Coers: 1) used the subject property's historical rental rates (excluding the movie theater's ground lease), vacancy/collection losses, and operating expenses (excluding real estate taxes) as well as certain market data to estimate net operating income (NOI); 2) applied a capitalization rate (derived from national/local market data that also accounted for real estate taxes) to the NOI; and 3) then applied a trending factor to arrive at a final value. (See Cert. Admin. R. at 233–51, 257–60, 651–67, 670–75.) Coers explained that to isolate the value of Parcel No. 20 for 2007 she simply deducted the assessed values of Parcel Nos. 17 and 22 from the 2007 final estimate of value. (See Cert. Admin. R. at 260, 672–73.)

no steps to verify its accuracy on her own;

2) valued the fee simple interest of the subject property, but should have valued the leased fee interest;

3) did not substantiate that the subject property was entitled to an economic obsolescence adjustment because she failed to correlate the problems affecting enclosed malls on a national level to the subject property;

4) used the direct capitalization approach when she should have used the discounted cash approach in capitalizing the subject property's NOI;

5) improperly used aggregated national market data, confidential data, and incomparable property data in valuing the subject property when she should have used Kokomo specific data; and

6) failed to account for the value of theater's land and lease when she valued the theater.

(See, e.g., Cert. Admin. R. at 557–71, 689–728.) Consequently, the Assessor asserted that the Appraisal failed to comply with USPAP because it lacked transparency and did not use sufficiently reliable data in estimating the subject property's value.[5] (See Cert. Admin. R. at 570–71.)

On August 5, 2011, the Indiana Board issued a final determination explaining that despite certain errors,[6] Kokomo Mall's evidence was probative as to the subject property's market value-in-use and therefore it had presented a *prima facie* case that its 2007, 2008, and 2009 assessments were incorrect. For example, the Indiana Board examined the valuation of the movie theater in evaluating Kokomo Mall's evidence because it was concerned that Coers' methodology might have improperly mixed apples and oranges—*i.e.*, a valuation approach governed by Indiana's assessment guidelines and a valuation approach governed by USPAP. (See Cert. Admin. R. at 136–37 ¶¶ 25–26.) The Indiana Board ultimately found the methodology proper, and thus the valuation of the movie theater probative, because Coers had compared the assessment to, and determined that it was consistent with, independent, relevant market data (*i.e.*, Marshall & Swift cost tables). (See Cert. Admin. R. at 136–37 ¶ 25.) (See also Cert. Admin. R. at 232–34, 650–51, 675–76, 699–701.) The Indiana Board found that because the Assessor's evidence did not rebut or impeach Kokomo Mall's evidence, Parcel No. 20 should be assessed at $6,212,106 for 2007, that all three parcels should be assessed at $6,080,000 for 2008, and that all three parcels should be assessed at $3,990,000 for 2009. (See Cert. Admin. R. at 139 ¶ 31.)

On September 16, 2011, the Assessor initiated this original tax appeal. The Court heard oral argument on April 19, 2012.[7] Additional facts will be supplied as necessary.

---

5. The Assessor acknowledged, however, that her property tax consultant recommended that she hire an appraiser because the Appraisal was "pretty deep." (See Cert. Admin. R. at 742–45.)

6. The Indiana Board described the errors as an improper mixture of assessment and appraisal practices with respect to the valuation of Parcel No. 20 for the 2007 tax year and a failure to account for the value of the movie theater's land in valuing that improvement. (See Cert. Admin. R. at 136–39 ¶¶ 24, 26, 30.)

7. The Court held oral argument at the Indiana University Maurer School of Law in Bloomington, Indiana. The Court thanks the Maurer School of Law for its hospitality, the parties and their counsel for traveling to Bloomington and their able advocacy, and Steve Paul, an adjunct professor at the Maurer School of Law, for scheduling the argument.

## STANDARD OF REVIEW

■    The party seeking to overturn an Indiana Board final determination bears the burden of demonstrating its invalidity. *Hubler Realty Co. v. Hendricks Cnty. Assessor,* 938 N.E.2d 311, 313 (Ind. Tax Ct.2010). The Court will reverse a final determination of the Indiana Board if it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; contrary to constitutional right, power, privilege, or immunity; in excess or short of statutory jurisdiction, authority, or limitations; without observance of procedure required by law; or unsupported by substantial or reliable evidence. IND. CODE § 33–26–6–6(e)(1)–(5) (2014).

## ANALYSIS

On appeal, the Assessor has asked the Court to reverse the Indiana Board's finding that Kokomo Mall made a *prima facie* case. The Assessor also asks the Court to "reconsider [its] policy ... concerning the role of the administrative law judge and the Indiana Board[.]" (Oral Arg. Tr. at 4.)

## I.

■    The Assessor contends that the Indiana Board erred in finding that Kokomo Mall made a *prima facie* case because it did not adequately scrutinize Kokomo Mall's unreliable evidence; rather, it simply deferred to Coers' testimony and adopted her Appraisal even though it did not comply with USPAP. (*See* Pet'r Br. at 9–11, 15–16.) To support this claim, the Assessor restates many, if not all, of the same arguments that she presented to the Indiana Board during the administrative process. (*Compare* Pet'r Br. at 6–16; Oral Arg. Tr. at 6–10 *with* Cert. Admin. R. at 557–71, 689–728.) Indeed, the Assessor has claimed that the Indiana Board should have rejected Kokomo Mall's evidence because Coers based her valuations on in-comparable and confidential property data rather than local, Kokomo specific data. (*Compare* Pet'r Br. at 11–15 *with* Cert. Admin. R. at 560–71, 692–728.) In addition, the Assessor has argued that Kokomo Mall's evidence was unreliable because Coers failed to verify the accuracy of the data provided by the owner, take into account the value of the ground lease, and use the discounted cash flow approach in valuing the property. (*Compare* Pet'r Br. at 14–15 *with* Cert. Admin. R. at 560, 563–66, 568–69, 694–99.) The Assessor has also claimed that Kokomo Mall did not show that it was entitled to an obsolescence adjustment because it failed to tie the national trends that purportedly caused the obsolescence to the subject property. (*Compare* Pet'r Br. at 6–9 *with* Cert. Admin. R. at 557–63.)

■    It is well-established that when this Court reviews a final determination of the Indiana Board, it may not reweigh the evidence nor judge the credibility of the witnesses who testified at the Indiana Board's hearing. *See Freudenberg–NOK Gen. P'ship v. State Bd. of Tax Comm'rs,* 715 N.E.2d 1026, 1030 (Ind. Tax Ct.1999), *review denied.* Thus, despite what the Court or the litigants think about the quality of the evidence presented at the administrative level, the Court is limited as to what it can do when reviewing that evidence on appeal. *See id.* To the extent the Assessor has done nothing more than invite the Court to ignore this well-established rule under the guise that the Indiana Board ignored her arguments and simply adopted all of Kokomo Mall's evidence without attempting to gauge its probative value, the Court declines her invitation. Consequently, the Assessor has not shown that the Indiana Board's final determination must be reversed on this basis.

## II.

■ The Assessor has also asked the Court to reconsider the policy arising from its case law that the mere presentation of a USPAP appraisal establishes a *prima facie* case. (*See* Oral Arg. Tr. at 4, 11–12.) The Assessor claims that this policy should be changed because it eviscerates the Indiana Board's discretion to assess the reliability of appraisals, it improperly shifts the burden of proof to assessing officials, and it effectively compels assessing officials to hire their own appraisers despite the prevailing financial constraints. (*See* Oral Arg. Tr. at 11–23.)

Even assuming *arguendo* that such a policy exists, the administrative record in this case reveals that the Indiana Board's ability to independently gauge the qualitative value of the evidence and select the evidence that best reflects a property's market value-in-use was not impeded. For example, during the administrative hearing, Kokomo Mall explained that in valuing Parcel No. 20 at $4,960,000 for 2007, its appraiser subtracted the assessed values of Parcel Nos. 17 and 22 from the estimated value of all three parcels (*i.e.*, $6,212,100–$1,250,800). (*See* Cert. Admin. R. at 199, 260, 672–74.) The Indiana Board *sua sponte* declined to adopt that valuation because Kokomo Mall failed to show that the assessed values of Parcel Nos. 17 and 22 were compared to or consistent with their market values. (*See* Cert. Admin. R. at 136–38 ¶¶ 25–27.) Nonetheless, the Indiana Board still found that Kokomo Mall had established that the assessment of Parcel No. 20 was overstated because its valuation of all three parcels at $6,212,100 was less than the assessment of $6,979,700. (*See* Cert. Admin. R. at 137–38 ¶ 27.)

■ Furthermore, the Court finds that the decision to hire an appraiser or submit a USPAP compliant appraisal is more likely a litigation strategy, not the latent result of a purportedly inequitable policy. Indeed, Indiana's Assessment Manual and related statutes provide that a taxpayer may rebut the correctness of an assessment by introducing relevant market data, such as evidence of actual construction costs, certain sales or assessment data, or any other data compiled in accordance with generally accepted appraisal principles. *See* 2002 REAL PROPERTY ASSESSMENT MANUAL (Manual) (2004 Reprint) (incorporated by reference at 50 IND. ADMIN. CODE 2.3-1-2 (2002 Supp.)) at 5; IND.CODE § 6-1.1-15-18 (2014). Because the presentation of an appraisal is not the only way to rebut the presumption that an assessment is correct, it follows that the same type of evidence may be used to impeach the accuracy of an appraisal or lend support to the accuracy of an assessment. *See, e.g., Shelbyville MHPI, LLC v. Thurston,* 978 N.E.2d 527, 530 (Ind. Tax Ct.2012); *Lakes of Four Seasons Prop. Owners' Ass'n v. Dep't of Local Gov't Fin.,* 875 N.E.2d 833, 837 (Ind. Tax Ct.2007) *review denied; Kooshtard Prop. VI, LLC v. White River Twp. Assessor,* 836 N.E.2d 501, 506 n. 6 (Ind. Tax Ct.2005), *review denied.* Accordingly, the Court will not reverse the Indiana Board's final determination on this basis either.

## CONCLUSION

For the above-stated reasons, the Court AFFIRMS the final determination of the Indiana Board in its entirety.